(60 N. W. Rep. 842.)

---

### T. O'BRIEN *vs.* H. MILLER.

Opinion filed October 27th, 1894.

**Appeal—Failure to Assign Error—Affirmance.**

> Appellant's counsel having failed to assign errors in this court, the judgment of the court below is affirmed, under Sup. Ct. Rule No. 15.

Appeal from District Court, Richland County; *Lauder,* J.

Action by T. O'Brien against Henry Miller, commenced in Justice's Court, and taken on appeal by plaintiff to the District Court. From a judgment affirming the judgment of the justice dismissing the action, and for costs in favor of defendant, plaintiff appeals.

Affirmed.

*Curtiss Sweigle* and *Gustave Schuler*, for appellant.

*W. E. Purcell*, for respondent.

WALLIN, J. This action was instituted in a Justice Court to recover money. Issue was joined by complaint and answer. In the Justice Court both sides introduced their evidence, and the justice entered judgment in favor of defendant, dismissing the action, and for costs. A statement of the case was settled in Justice Court, and plaintiff perfected an appeal to the District Court upon questions of law only. In District Court, on defendant's application therefor, an order was made directing the justice who heard the case to make and certify a further return of the proceedings had before him in the action. Such further return was made, and filed in the District Court, and was considered in connection with the original return, in deciding the case. The District Court affirmed the judgment, and plaintiff appeals. A bill of exceptions was settled in the District Court, specifying, in substance, that the District Court erred in overruling plaintiff's objections to the action of the District Court in directing the justice to make a further return, and erred in overruling plaintiff's motion to set aside such return, and in rendering judgment for defendant. No other errors were specified in the bill.

In the brief filed in this court in appellant's behalf, no errors whatever are assigned. By this omission, appellant's counsel has completely ignored the highly salutary and very plain requirement of rule No. 15 of the rules of this court, which rule has long existed, and been published with the other rules governing the proceedings in this court. Rule 15 requires the appellant to assign—*i. e.* point out—such errors, and only such, as he relies upon in this court. The assignment is required to be made in appellant's brief, and must refer to the specifications of error which the statute, as well as a rule of this court, requires to be inserted in a statement or bill of exceptions when settled, and filed in the court below. Rule 15 provides that "the court will in its discretion only regard errors which are assigned with the requisite exactness." In this case, as has been stated, no assignment

of errors was attempted to be made in this court. It is true that the rule, in terms, reserves a "discretion" which will allow this court to relax the requirement of the rule in furtherance of justice, and upon such terms as might be deemed proper, according to circumstances. This qualification, however, does not imply that the rule can be violated with impunity. In its practical operation, the rule is highly beneficial in expediting the business of the court, and the rule was clearly made to be enforced, unless, for special reasons, and upon timely application therefor, this court should see fit, upon such terms as may be deemed proper, to relax the rule, in furtherance of justice. No such application was made in this case. Nor does the record, in our opinion, disclose a case where it will be necessary, in furtherance of justice, to exercise our discretion in appellant's behalf. We have examined the alleged irregularities in procedure complained of by appellant, and have carefully considered the case upon the entire record. None of the alleged irregularities in either of the courts below have the least bearing upon the merits of the controversy existing between the parties to the action, and all are highly technical in character. Upon such a state of facts, we deem this a proper case to strictly enforce the rule we have referred to. This court had occasion, in a recent case, to affirm a judgment of the trial court for nonassignment of errors. We said in the opinion: "The appellant has failed to assign any errors on this appeal, as required by court rule No. 15. For this omission the judgment will be affirmed, inasmuch as we see nothing in the record to justify us in relaxing the rule." *Investment Co.* v. *Boyum*, 58 N. W. 339. The language we have quoted is equally applicable to the case now under consideration.

The judgment must be affirmed. All concur.