(76 N. W. Rep. 1047.)

---

MAGNUS BRYNJOLFSON *vs.* THE TOWNSHIP OF THINGVALLA.

Opinion filed November 9, 1898.

**Appeal—Statement of Case—Striking Out Record.**

> Construing section 5630, Rev. Codes. In this action no statement of the case was ever settled. In lieu of a statement, the trial judge transmitted to this Court certain papers, to which he appends a certificate to the effect that the same embrace all the evidence and proceedings had at the trial upon which the findings were made. A motion in behalf of the respondent to strike out all of the record sent to this Court, except the pleadings, findings, and judgment, was granted. A mere rescript of the evidence and proceedings as preserved by the reporter does not constitute a statement of the case, and will not be so regarded in this Court.

**Assignments of Error.**

> Certain assignments of error subjoined to the appellant's brief considered, and *held* to be insufficient, under rule 12 of the rules of this Court. 6 N. D. xviii.

Appeal from District Court, Pembina County; *Sauter,* J.

Action by Magnus Brynjolfson against the Township of Thingvalla. From a judgment for plaintiff, defendant appeals.

Affirmed.

*W. R. Garrett,* for appellant.

*W. J. Kneeshaw* (*Cochrane & Corliss* of counsel) for respondent.

WALLIN, J. This action originated in a Justice's Court, and was brought to recover the sum of $50, which plaintiff claims to be due him for services rendered as an attorney at law. The action was removed to the District Court by appeal, and was there tried to the Court without a jury in April, 1896, and is therefore governed by the provisions of section 5630, Rev. Codes. The trial court, after the production of the evidence, made and filed its findings of fact and conclusions of law; and, pursuant thereto, judgment was entered in the District Court in favor of the plaintiff for the amount sued for, with costs. Whereupon the defendant appealed from said judgment to this Court.

When the case was reached in this Court a preliminary motion was made by the respondent's counsel to strike out the entire record, except the statutory roll, to-wit: "Except the summons, complaint, answer, findings of fact and conclusions of law, and the judgment." This motion was based upon the conceded fact that no statement of the case has ever been settled or allowed in this action. At the same time a motion was made in respondent's behalf to strike from the printed abstract on file all the matter sought to be stricken from the record by said first motion, and also certain matter printed in the abstract, and denominated "specifications of errors." An inspection of the record discloses that no statement of the case is contained therein, and with respect thereto the trial court certifies as follows: "That the foregoing transcript is hereby settled and allowed, and transmitted in lieu of a statement of the case, on account of the brevity of the testimony." The testimony and exhibits together, it appears, constitute all the evidence and proceedings in the case had and taken in the District Court. Said motion to strike out a part of the record was granted, and it followed that corresponding parts in the abstract of the record must disappear and be striken out also. Under section 5630 of the Revised Codes, it is incumbent upon an appellant who desires to review the evidence in this Court to frame the settlement of a statement of the case, embracing the evidence in a narrative form, and including specifications. This was neither done nor attempted by the appellant in this case, but in lieu thereof we find a mere certificate of the trial judge, annexed to certain unauthenticated documents, to the effect that the same embraces all the evidence, exhibits, etc., upon which the Court acted in making its findings. A mere transcript of the evidence thus certified does not constitute a statement of the case, within the meaning of the Code, nor can such a transcript be substituted for a proper record upon which this Court can review the findings of fact for the purpose of deciding whether the same are justified by the evidence. See *Wood* v. *Nissen*, 2 N. D. 26, 49 N. W. Rep. 103.

After striking from the files of this Court all matter appertaining to the trial of this action in the District Court, including the evi-

dence adduced and the proceedings had at such trial, there remain for the consideration of this Court only the pleadings, and the findings of law and fact made by the District Court, and the judgment. Turning to the assignment of error subjoined to the brief of the appellant's counsel, we find that such assignments embrace five propositions, none of which can properly be considered by this Court. Nearly all of such assignments relate to matters striken from the record, and hence not before this Court for consideration, and none of the assignments can refer to specifications of error. There are none in the record. None of such assignments are leveled at the pleadings. The Court finds that all the allegations of the complaint are true. In the attempted assignment of error this finding is criticised by the general statement that the same does not constitute a finding of fact. But counsel does not specify wherein it is defective, and hence the assignment is not sufficiently specific, under the rule. Such findings, however, while not commended as good practice, are nevertheless sustained. See Hayne, New Trial, pp. 723, 724. Another assignment states in general terms that the conclusion of law found by the trial court is against law and against the evidence, and not based upon a sufficient finding of fact. This is not sufficiently specific to meet the requirements of rule 12 of the rules of this Court. Not being permitted to look into the evidence in this case, we do not feel at liberty to exercise a discretion which will allow this Court to relax the requirements of rule 12, (6 N. D. xviii), as in exceptional cases may be done in furtherance of justice. Finding no error in the record before this Court, an order will be entered affirming the judgment of the Court below.

BARTHOLOMEW, C. J., concurs.

YOUNG, J., having been of counsel, took no part in the above decision.