(88 N. W. Rep. 1023.)

---

ALLAN WILSON *vs.* JOHN KARTES.

---

**Appeal—Assignment of Errors.**

> Appellant having wholly failed to assign errors in his brief as provided by rule 12 (6 N. D. xviii) of the rules of this court, and the record showing no reason for relaxing the rule, the order appealed from is affirmed.

Appeal from District Court, Cavalier County; *Kneeshaw,* J.

Action by Allan Wilson against John Kartes. Judgment for plaintiff. From an order denying a new trial defendant appeals. Affirmed.

*Monnet & Lamb* and *Gordon & Lamb,* for appellant.

*Dickson & Dickson,* for respondent.

MORGAN, J. This is an action in claim and delivery, brought to recover possession of a bull claimed to be unjustly detained by the defendant. The issues raised by the pleadings were submitted to

a jury, and a verdict in favor of the plaintiff was rendered. A motion for a new trial was duly made, based on a statement of the case duly settled, and the motion denied. Judgment was entered on the verdict. The defendant appeals to this court from such order denying a new trial.

The appellant has wholly failed to comply with the rules of this court in relation to making and subjoining to his brief assignments of error, as prescribed by rule 12 (6 N. D. xviii) of the rules of this court. The requirements of this rule are wholly disregarded, and there is a total failure to assign any errors under such rule, or in any other manner. That it is necessary, in cases tried before a jury to assign errors in the brief as prescribed by such rule, has been so often held by this court that further statement of the reasons on which the rule is based is unnecessary. *O'Brien* v. *Miller,* 4 N. D. 108, 60 N. W. Rep. 841; *Hostetter* v. *Elevator Co.,* 4 N. D. 357, 61 N. W. Rep. 49; *Brynjolfson* v. *Thingvalla Tp.,* 8 N. D. 106, 77 N. W. Rep. 284; *Investment Co.* v. *Boyum,* 3 N. D. 538, 58 N. W. Rep. 339. It is true that this court may, under the terms of the rule, if in furtherance of justice, relax the rule, and review the record, and determine whether prejudicial errors occurred at the trial. On examination of the record we are convinced that no grounds exist, justifying a relaxation of the rule.

The order is affirmed. All concur.