(97 N. W. Rep. 537.)

---

'THE CHAFFEE-MILLER LAND COMPANY *v.* EDWARD W. BARBER AND LOTTIE E. BARBER.

Opinion filed December 16, 1903.

**Under Section 5630, Refusal to Find Upon All Issues, Not Error—Remedy Is Trial De Novo.**

1. In action tried by the court, without a jury, under section 5630, Rev. Codes 1899, the refusal or failure of the trial court to make findings upon all of the issues does not constitute ground for granting a new trial or reversing the judgment. The remedy of a party aggrieved by such refusal or failure is an appeal from the judgment, and a trial *de novo* upon the evidence in this court.

**Finding Title in Plaintiff, and Not in Defendant, Supports Judgment Confirming Plaintiff's Title.**

2. In an action to determine adverse claims to real estate, findings that the plaintiff is the owner and entitled to possession, and that defendant has no claim or right of possession, are findings of the ultimate facts in issue, and support a judgment confirming plaintiff's title, and awarding him possession.

Appeal from District Court, Cass county; *Pollock, J.*

Action by the Chaffee-Miller Land Company against Edward W. Barber and another. Judgment for plaintiff. Defendant Edward W. Barber appeals.

Affirmed.

*H. F. Miller* and *Morrill & Engerud,* for appellant.

A judgment entered without findings disposing of all material issues of fact, is erroneous. *Loto* v. *Irvine,* 60 Cal. 436; *People* v. *Forbes,* 51 Cal. 628; *Phipps* v. *Harlow,* 53 Cal. 87; *Shaw* v. *Wanderforde,* 53 Cal. 300; *Taylor* v. *Reynolds,* 53 Cal. 686; *Cassidy* v. *Cassidy,* 63 Cal. 352; *Campbell* v. *Buckman,* 49 Cal. 362; *Byrnes* v. *Claffey,* 54 Cal. 155; *Everson* v. *Mayhew,* 57 Cal. 144.

The findings do not dispose of the allegations putting in issue plaintiff's title and asserting title in defendant, and are therefore insufficient. *Watson* v. *Cornell et al,* 52 Cal. 91; *Ball* v. *Kehl,* 30 Pac. Rep. 780.

Under our statute, an action in forcible entry and detainer may be converted into one to try title. A title once put in issue and tried, in a court having jurisdiction of the controversy, the judgment is as conclusive as any other. It follows that a judgment of a competent court, having jurisdiction of parties and subject matter, is conclusive of all questions that could and ought to have been litigated in the former action. *Cromwell* v. *County of Sac.,* 94 U. S. 351, 24 L. Ed. 195; *The City of Aurora* v. *West,* 7 Wall. 82, 19 L. Ed. 42; *Caperton* v. *Schmidt,* 26 Cal. 479; *Miles* v. *Caldwell,* 2 Wall. 35, 17 L. Ed. 755; 3 Smith's Leading Cases (9th Ed.) 2094; *South Minn. Ry. Co.* v. *St. Paul, etc., Ry.,* 55 Fed. 696; *David Bradley Plow Co.* v. *Eagle Mfg. Co.,* 57 Fed. 989.

The action in which the judgment was rendered that is here pleaded in bar, originated in a justice court, as one for unlawful detainer. It came to the district court not by appeal, but was certified thereto, under section 6671, Rev. Codes. It was thus changed from one concerning possession to one concerning title, and was in effect an action of ejectment. *Ferguson* v. *Kumler,* 25 Minn. 183.

Changing an action of unlawful detainer to a suit to try title, is a practice prevalent in Arkansas, Maine, Massachusetts, Utah, Alabama and Indiana.

The judgment in the former action was a bar to a recovery of possession of the part as to which plaintiff was defeated in a former action. *Gradley* v. *West*, 68 Mo. 69.

The question is not what was litigated in the earlier proceeding, but, what could or ought to have been litigated in that trial. *Cromwell* v. *County of Sac.*, *supra;* *City of Aurora* v. *West*, *supra.*

S. B. Bartlett and Ball, Watson & Maclay, for respondents.

Upon an appeal from a judgment, no statement of the case being settled, defendant's proposed findings are no part of the judgment roll, and will not be considered. *Mooney* v. *Donovan*, 9 N. D. 93, 81 N. W. Rep. 50.

The only question before the Court is the sufficiency of the complaint, and whether the judgment is supported by the findings actually made. If they cover the ultimate fact at issue, and are not inconsistent with the judgment, they are sufficient. *Daly* v. *Sorocco et al.*, 22 Pac. Rep. 211; *Smith* v. *Cushing*, 41 Cal. 97.

The finding that plaintiff was the owner, and defendant was not the owner, disposed of every issue in the case, including that of *res adjudicata*. *Brynjolfson* v. *Thingvalla*, 8 N. D. 106, 77 N. W. Rep. 284.

That the court did not pass upon the issue is not available to the appellant as the point is not saved in the statement of the case, and it does not appear that any evidence was introduced touching it. *Rogers* v. *Duff et al.*, 31 Pac. Rep. 836; *Himmelman* v. *Henry et al.*, 23 Pac. Rep. 1098; *Winslow* v. *Gohransen*, 26 Pac. 504; *Wise et al* v. *Burton et al.*, 14 Pac. Rep. 683; *Heroy* v. *Kerr*, 21 How. Pr. 409, 423; *Williams* v. *Schembri*, 46 N. W. Rep. 403; *Baker* v. *Byerly*, 42 N. W. Rep. 395; *Princeton Mining Co.* v. *First National Bank of Butte et al.*, 19 Pac. Rep. 210; *Spencer* v. *James*, 31 S. W. Rep. 540; *May* v. *Cavender et al.*, 7 S. E. Rep. 489; *Noland* v. *Bull*, 33 Pac. Rep. 983; *Eakin* v. *McCraith*, 3 Pac. Rep. 838; *Gaar, Scott & Co.* v. *Spaulding*, 2 N. D. 414; 51 N. W Rep. 867.

Neither the title nor right of possession were litigated in the detainer action. The lands there mentioned were the cultivated portion of the section only. But if there is any doubt, the former judgment is no bar, as there is no certainty as to the estoppel. *Russell* v. *Place*, 94 U. S. 606, 24 L. Ed. 214.

An estoppel must be to every intent. *Fahey* v. *Esterly Harvesting Machine Co.*, 3 N. D. 220, 55 N. W. Rep. 580. To work an estoppel

the former judgment must itself show that the title was involved and decided, or it must appear by extrinsic evidence. *Auger* v. *Ryan,* 65 N. W. Rep. 640; *Neilson* v. *Pennsylvania Coal & Oil Co., et al,* 80 N. W. Rep. 859; *Morse* v. *Marshall,* 97 Mass. 522; *Hargus* v. *Goodman,* 12 Ind. 629.

The former judgment was in forcible entry.· and detainer for possession of the land only. The transfer of the action to the district court did not change its nature. In such an action, for possession only, plaintiffs cannot be compelled to litigate their title against their consent. *McNamara* v. *Culver,* 22 Kan. 661: *Williams* · v. *Wait,* 49 N. W. Rep. 209 (S. D.) ; *Shelby* v. *Houston,* 38 Cal. 410; *Dennis* v. *Wood,* 48 Cal. 361; *Brown* v. *Hartshorn,* 69 Pac. Rep. 1049; *McClain* v. *Jones,* 57 Pac. Rep. 500; *Armour* v. *Howe,* 64 Pac. Rep. 42; *McDonald* v. *Stiles,* 54 Pac. Rep. 487.

Under the above decisions from Kansas and Oklahoma, it is a question whether the district court obtained jurisdiction in the detainer suit, and whether the judgment rendered therein was not absolutely void. If the title to the land was involved, then under section 6670, Rev. Codes 1895, the justice had no power to transfer the case to the district court, and should have dismissed it. *Wideman* v. *Taylor,* 65 Pac. Rep. 664; *Babby et al* v. *Musser,* 89 N. W. Rep. 742; *Brown* v. *Hartshorn,* 69 Pac. Rep. 1049.

If by the transfer the detainer action was transmuted into an action of ejectment, the after acquired title could not be adjudicated therein. Such title must ·be vested at the beginning of the action. *Smith* v. *Colvin,* 17 Barb. 157, and cases cited; *Valentine* v̇. *Mahoney,* 37 Cal. 389, 396.

A subsequently acquired title cannot be set up by a supplemental complaint. *Sacramento Savings Bank* v. *Hynes,* 50 Cal. 195; *McLane* v. *Bovee et al,* 35 Wis. 27.

The cases holding that a judgment in an action of forcible entry and detainer cannot constitute a bar in an action to try title, are numberless. 30 Century Digest, 1644; *Riverside Co. of Shawneetown, Ill.,* v. *Townsend et al,* 9 N. E. Rep. 65.

YOUNG, C. J. This is an action to determine adverse claims to 640 acres of agricultural land situated ·in Cass county, and for the possession of eight acres thereof, with the buildings situated thereon, which plaintiff alleges are wrongfully occupied and withheld by the defendants. The complaint is in the form prescribed by section 5907, Rev. Codes, as amended by chapter 5, p. 9, Laws 1901,

and alleges that the plaintiff has an estate in the land, towit, that it is the owner in fee of the entire tract; that the defendants claim certain estates therein adverse to plaintiff, and that defendants are in the wrongful occupancy and possession of a certain eight-acre tract, which is described by metes and bounds, including the house, barn, and other structures situated thereon; and concludes with the statutory prayer for judgment, "that defendants be required to set forth their claims," etc. The defendant Lottie E. Barber made default. Edward W. Barber, the other defendant, served and filed an answer in which he denied plaintiff's ownership of the land; admitted that he is in possession of the eight-acre tract and buildings, and that he claims an estate and interest in the land adverse to the plaintiff; and set forth the source of his alleged title. The answer further alleged by way of estoppel, that the plaintiff's grantor instituted an action of unlawful detainer against him in justice court to recover the possession of the entire tract; that the defendant answered in the case, placing title in issue; that the action was thereupon certified to the district court and tried, and judgment entered against the defendant for the recovery of only a part of the premises, and not including the eight-acre tract and buildings. By order of court the plaintiff filed a reply to the foregoing answer, in which it set forth copies of the complaint, answer, and judgment in the forcible detainer action, and, among other things, alleged that there was no evidence or testimony of any kind whatsoever introduced by either side upon the trial of said action in any wise affecting or bearing upon, or having to do with, the matter of the title of said premises, or any part thereof; that the only issue upon which any evidence whatever was introduced, and the only issue which was tried or determined in said action, was the question of the right of the plaintiff therein to the possession of those portions of said land which were under cultivation; and that the matter of the title to said land, or any part or portion thereof, was not in any manner whatsoever drawn in question or litigated in said action; that the defendant E. W. Barber introduced no evidence or testimony whatsoever upon the trial of said action. The judgment in the forcible detainer action was for "the possession of all those portions * * * under cultivation," and for costs.

Upon the evidence introduced upon the issues thus framed, the trial court found the following facts: (1) That the plaintiff is the owner in fee simple of the entire 640 acres; (2) that the defendant

Edward W. Barber has heretofore claimed some estate or interest in said land adverse to the plaintiff, and that he is now in possession of the eight-acre tract, and unlawfully withholds the occupancy and possession thereof, together with the house, barn, and other structures situated thereon; (3) that the defendant Barber has no claim to, interest in, or lien or incumbrance upon, said land, or any part thereof, or right of possession thereto; (4) that plaintiff is entitled to recover the possession of that portion now occupied by the defendant. As conclusions of law, the court found that the plaintiff is entitled to a decree quieting title in it as against the defendant Barber, and for possession and costs. From the judgment entered in accordance therewith, the defendant appeals.

The case was tried under section 5630, Rev. Codes, but it is not here for review under that section. Error is assigned upon the judgment roll proper. The errors assigned as grounds for reversal are that, "(1) the court erred in refusing to find on the points presented by defendant's proposed findings; (2) the findings of fact do not cover all the facts involved in the issues as presented by the pleadings; (3) the findings of facts are insufficient to support any judgment; (4) the findings of fact, conclusions of law, and judgment are contrary to, and not warranted by the pleadings, in so far as they award the eight acres of uncultivated land, and structures thereon, to the plaintiff, in this: That the pleadings conclusively show that plaintiff is estopped to claim title to, and right to possession of, that part of the land. We are of opinion that none of the assignments of error is well founded. The judgment must therefore be affirmed.

The first and second assignments are based upon the assumption that the alleged refusal and failure of the trial court to make findings of fact upon all of the issues raised by the pleadings in an action tried under section 5630, Rev. Codes 1899, constitutes reversible error. This is a mistake. This section, among other things, expressly provides that, "in actions tried under the provisions of this section, failure of the court to make findings upon all the issues in the case shall not constitute a ground for granting a new trial or reversing the judgment." Findings of fact are not abolished by this section, but it declares that the failure of the court to make findings upon all the issues shall not constitute reversible error. The chief purpose of the practice created by section 5630 is to secure a speedy and final determination of cases. To accomplish

that purpose, a party who is aggrieved because of the failure of the trial court to find upon any issue is deprived of the power of securing a reversal upon appeal or a new trial in the district court, and is compelled to avail himself of the right given by this section to bring up the evidence on his appeal, and have the error corrected in this court, where a new and final judgment may be ordered without the delay incident to a new trial in the district court.

Neither do we agree with appellant's contention that the findings of fact are insufficient to sustain the judgment. The provisions of our statute governing the making and filing of findings of fact (sections 5450-5453, Rev. Codes) are substantially the same as the provisions in the California Code (sections 632-635, Deering's Code of Civil Procedure). This court, in passing upon the sufficiency of findings of fact, has adopted the liberal rule of the California courts. It was held by this court in *Brynjolfson* v. *Thingvalla Township,* 8 N. D. 106, 77 N. W. 284, that a finding "that all the allegations in the complaint are true" was sufficient, although the practice was not commended. See Hayne on New Trial, pp. 723, 724. In this case the trial court found that the plaintiff is the owner in fee simple of the premises; that the defendant has no claim or interest to any portion of it, or right of possession. This disposes of all the issues in favor of plaintiff and against the defendant. The criticism made by counsel for the appellant is that the findings are not sufficiently specific. The issues in this case were ownership and right of possession. Both were found for plaintiff and against defendant. They are findings of the ultimate facts, and therefore sufficient. In *Daly* v. *Sorocco,* 80 Cal. 367, 22 Pac. 211, it was held, in an action to quiet title, that, "where the plaintiff alleges ownership of real estate in an action to quiet title, a finding upon the issue of ownership is a finding of fact, and the evidence going to prove such ownership need not and should not be pleaded or found." In that case the trial court found that the plaintiff was not the owner of the property, and was not entitled to possession. It was contended that the finding that the plaintiff was not the owner of the property was a conclusion, and that the facts showing that he was not the owner, should have been found. The court said: "If so, then the plaintiff's complaint is bad also. It alleged the ownership as a fact, and the finding is as broad and specific as the allegation of the appellant's pleading. But the finding was sufficient. Where a party alleges his ownership of real estate in an action of this kind, a finding that he

was or was not such owner is a finding of a fact, the fact in issue, and the evidence going to prove such ownership need not and should not be pleaded or found. *Payne* v. *Treadwell,* 16 Cal. 247; *Smith* v. *Acker,* 52 Cal. 217; *Frazier* v. *Crowell,* 52 Cal. 399; *Murphy* v. *Bennett,* 68 Cal. 528 (9 Pac. 738)." The same court also held in the case of *Smith* v. *Cushing,* 41 Cal. 97, that "where there are findings of facts the presumption is that the court has found all the facts in issue in favor of the party in whose favor the judgment is rendered, unless the contrary appears from the findings themselves." And further, "Whether there are findings of fact, or not, and, if there are findings, whether they cover all the issues, or not, the appellate court will not disturb the judgment unless the appellant can show that the facts found, or some of them, are inconsistent with the judgment." It is also held that, "when the ultimate fact is found, no finding of probative facts which may tend to establish that the ultimate fact was found against the evidence can overcome the principal finding." *Smith* v. *Acker,* 52 Cal. 217; *Perry* v. *Quackenbush,* 105 Cal. 299, 38 Pac. 740. In the case last cited it was said that "findings of probative facts will not, in general, control, limit, or modify the finding of ultimate fact. The province of the trial court is to find the ultimate facts, and not probative facts. If, from a consideration of the probative facts, this court should determine that they did not justify the finding of the ultimate fact, it would determine that the evidence was insufficient to justify the decision. This, it has been repeatedly held, cannot be done in this mode." See, also, *Gill* v. *Driver,* 90 Cal. 72, 27 Pac. 64; *Pico* v. *Cuyas,* 47 Cal. 174; *Barrante* v. *Garratt,* 50 Cal. 112; *Jones* v *Clark,* 42 Cal. 180; *Mathews* v. *Kinsell,* 41 Cal. 512; *Downing* v. *Graves,* 55 Cal. 544.

Likewise, the fourth assignment of error furnishes no ground for reversing the judgment, and for reasons already stated. The contention under this assignment is that the pleadings show that the plaintiff is estopped by a former adjudication from asserting title or right of possession in the eight-acre tract. The question as to whether or not the forcible detainer action, when certified to the district court, became one in which title could or should have been litigated, and whether it was in fact in issue in that action, is discussed by counsel for both parties at length. Upon this question we need not express an opinion. The ultimate facts in issue, towit, title and right of possession, were expressly found against the defendant

in favor of the plaintiff. The facts alleged as an estoppel are merely probative facts, and, even if they had been expressly found, as we have seen, they would not have controlled the finding upon the ultimate facts, which are adverse to the claim of an estoppel. The judgment rests upon the findings, and they are sufficient to sustain it. The findings rest upon the evidence. They may or may not be supported by the evidence. The findings are conclusive, if not attacked in the mode prescribed by the statute. Hayne on New Trial & App. section 244. In this state, under our present practice, where a party is aggrieved by findings of fact which sustain the judgment, or by a failure to find upon material issues, his remedy under section 5630, Rev. Codes, is by an appeal from the judgment, and a retrial upon the evidence in this court.

Judgment affirmed. All concur.