(123 N. W. 275.)

---

SUCKER STATE DRILL CO., A CORPORATION v. R. J. BROCK AND R. L. RICHARDSON, AS INDIVIDUALS AND AS A COPARTNERSHIP, DOING BUSINESS UNDER THE FIRM NAME OF BROCK & RICHARDSON.

Opinion filed November 24, 1909.

**Appeal and Error — Failure to Assign Errors in Brief.**

Appellant having failed to assign errors in its brief as provided by rule 14 of the rules of this court (91 N. W. viii), and the record showing no reason for relaxing the rule, the judgment appealed from is affirmed.

Appeal from District Court, McHenry county; *E. B. Goss*, J.

Action by the Sucker State Drill Company, against R. J. Brock and another, as individuals and as a partnership. Judgment for defendants, and plaintiff appeals.

Affirmed.

*D. J. O'Connell* and *C. W. Hookway,* for appellant. *W. C. Slavens* and *Christianson & Weber,* for respondents.

CARMODY, J.  This is an action by plaintiff, a foreign corporation, against defendants on two promissory notes for the sums of $180 and $880, respectively, both dated October 27, 1902.  Defendants set up in their answer, as a defense to the payment of said notes, a failure of consideration.  On these issues the case was tried to a jury.  At the close of defendants' case the plaintiff moved the court to direct a verdict in favor for the amount claimed in the complaint, which motion was denied, and plaintiff introduced evidence in rebuttal.  After both parties rested, plaintiff again moved the court to direct a verdict in its favor, which motion was denied, to which ruling no exception was taken.  Kephart v. Continental Casualty Co., 17 N. D. 380, 116 N. W. 349.  The case was submitted to the jury, and a verdict returned in favor of the defendants, and judgment entered on said verdict.  After the entry of said judgment, plaintiffs, on a statement of the case, made a motion for judgment notwithstanding the verdict or for a new trial, which motion was denied.  Plaintiff appealed from the order of the court denying its motion for judgment notwithstanding the verdict or for a new trial, and from the judgment entered in favor of the defendants and respondents herein.  Afterwards, on motion of the respondents, the attempted appeal from the order denying a new trial was dismissed.

As the case now stands, this is an appeal from the judgment only. We are met at the outset by a motion of respondents that the judgment appealed from be affirmed, for the reason that there are no errors assigned in appellant's brief, and that no exceptions were taken to any of the alleged rulings.  This motion must be granted.  Appellant has not complied with rule 14 of this court.  There are no assignments of error in the brief.  In a proper case we might relax the rule; but we cannot do so in this case, as it is apparent, by bare inspection of the abstract and amended abstract, that there are no prejudicial errors subject to review on this appeal, no proper exceptions having been saved.  Globe Investment Co. v. Boyum, 3 N. D. 538, 58 N. W. 339; Hostetter v. Brooks Elev. Co., 4 N. D. 357, 61 N. W. 49; O'Brien v. Miller, 4 N. D. 308, 60 N. W. 841; Schmitz v. Heger, 5 N. D. 165, 64 N. W. 943; Henry v. Mayer, 6 N. D. 413, 71 N. W. 127; Brynjolfson v. Thingvalla Township, 8 N. D. 106, 77 N. W. 284; Wilson v. Kartes, 11 N. D. 92, 88 N. W. 1023; Marck v. R. R. Co., 15 N. D. 86, 105 N. W. 1106.

The judgment is affirmed.

FISK, J., concurs. MORGAN, C. J., not participating.

SPALDING, J. (concurring specially). The affirmance of the judg-ment in this case results in a gross miscarriage of justice; but, on a careful examination of authorities bearing on the question raised, I am unable to discover any method by which a reversal can be had on the record before us, without violating well-settled rules of prac-tice in this jurisdiction. For this reason alone, I concur in the con-clusion that it must be affirmed.

ELLSWORTH, J. (concurring specially). The principle that a ruling of a trial court denying a motion to direct a verdict, to which no exception is taken by the party making the motion, will not be reviewed on appeal to this court, even in a case where a motion for a new trial on the ground of the insufficiency of the evidence was made and considered by the court after that time, is announced in the case of De Lendrecie v. Peck, 1 N. D. 422, 48 N. W. 342. This holding has not been expressly overruled in any subsequent case, although a modification announcing a rule that I believe is on prin-ciple sounder and more closely within the evident intent of the law regulating appeals is found in Dahl v. Stakke, 12 N. D. 325, 96 N. W. 353. The modification made does not, however, extend quite to, although it closely approximates, the facts of this case; and I place my concurrence in the above opinion solely upon the ground that a contrary view is not expressly sustained by previous holdings of this court.