## STATE v. JOHNS.

Code Cr. Proc. § 489, provides that, upon a writ of error, the clerk of the court upon whom served must transmit to the clerk of the Supreme Court the writ with his return thereon, to which shall be annexed an authenticated copy of the record and all bills of exception, together with an assignment of errors. Rule 1, (22 S. D., 3, 124 N. W. viii) of the Supreme Court contains substantially the same provisions. Cr. Code, § 497, provides that, when the writ is called for argument, plaintiff in error must furnish each member of the court with a copy of the record, bills of exception, and assignment of errors, otherwise the writ must be dismissed. Laws 1907, c. 120, permits an appeal instead of requiring a writ of error to be sued out of the Supreme Court, and provides that "writ of error" where used in the laws of the state shall be held to mean and include "appeal." **Held,** that it is essential in a criminal case that an assignment of errors be made in the Supreme Court to enable it to determine the questons presented for review.

Unless an assignment of errors is contained in the abstract, the Supreme Court has nothing before it for review, and the judgment must be affirmed.

(Opinion filed, May 24, 1910.)

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Earl Johns was convicted of robbery in the second degree, and he appeals. Affirmed.

*J. H. Scales*, for appellant. *S. W. Clark, Atty. Gen., C. D. Sterling, Asst. Atty. Gen.,* and *George J. Danforth, State's Atty.,* for the State.

CORSON, J. Upon an information duly filed by the state's attorney of Minnehaha county, the defendant was tried and convicted of the crime of robbery in the second degree, and from the judgment entered therein the defendant has appealed to this court. It is contended by the Attorney General that the record contains no assignment of errors so far as appears by the abstract, and hence there is nothing before this court to review. An examination of the abstract discloses the fact that an appeal from the judgment was taken to this court on the 12th day of Jaunary, 1909, but no assignment of errors appears in the abstract, and we are of the opinion, therefore, that the contention of the Attorney General is correct. Section 489 of the Code of Criminal Procedure in relation to the return to a writ of error provides as follows: "Upon the writ of error being sued out, the clerk of the court upon whom it is served, must, within ten days thereafter or within such reasonable time as may be allowed to him, transmit to the clerk of the supreme court the writ with his return thereon, to which shall be annexed and returned an authenticated copy of the record of this action as mentioned in section 453, and of all bills of exception, together with an assignment of errors and prayer for reversal." And rule 7 (22 S. D. 3, 124 N. W. viii) of this court in force at the time this appeal was taken, relating to writs of error, contains substantially the same provisions. And section 497 of the Criminal Code provides: "When the writ is called for argument, the plaintiff in error must furnish each member of the court with a copy of the record of the action, bills of exception, and of the assignment of errors. If he fails to do so, the writ must be dismissed, unless, for cause shown, the court otherwise direct." In 1907 the law

relating to writs of error was amended by permitting an appeal to be taken instead of requiring a writ of error to be sued out of this court. Chapter 120, Laws 1907. An appeal, therefore, in a criminal case may be substituted for a writ of error. No change, however, as to the record to be returned to this court seems to have been made by the act. Whether or not it is now necessary that an assignment of errors be contained in the record returned to this court, it is not now necessary to decide, but it is essential in a criminal case, as well as in a civil case, that an assignment of errors shall be made in this court to enable it to determine the question presented for review. By the act of 1907 it is provided that: " 'Writ of error' where used in the laws of this state shall be held to mean and include 'appeal.' " It would seem, therefore, that it was not the intention of the Legislature to make any material change in the sections heretofore referred to, and that the law requiring an assignment of errors in a criminal case remains in full force. The rule seems to be well settled that, unless there is an assignment of errors contained in the abstract, this court has nothing before it for review. Bill v. Klaus, 4 Dak. 328, 30 N. W. 171; Franz Falk Brewing Co. v. Mielenz Bros., 5 Dak. 136, 37 N. W. 728; Globe Inv. Co. v. Boyum et al., 3 N. D. 538, 58 N. W. 339; O'Brien v. Miller, 4 N. D. 308, 60 N. W. 841; State v. Chapman, 1 S. D. 414, 47 N. W. 411, 10 L. R. A. 432; Williams Bros. Lumber Co. v. Kelly, 122 N. W. 646. In the latter case this court, after reviewing the authorities, held that, where there was no assignment of errors, the judgment of the court below must be affirmed. It is quite as essential that there should be an assignment of errors in a criminal case as in a civil case in order that the grounds upon which the appellant seeks for a reversal of the judgment will properly be presented to the court. The reason for this rule is manifest. This court should not be required to go through a bill of exceptions and review numerous rulings of the trial court without having its attention particularly directed to such important rulings and exceptions as are relied upon by the appellant in seeking a reversal of the judgment. And it is essential that there be a specific assignment of errors in this

court to enable the Attorney General to properly prepare a brief on behalf of the state, and to discuss only such errors as are specifically pointed out in the assignment of errors and discussed by the counsel for the appellant.

We are clearly of the opinion, therefore, that the rule applicable to assignment of errors in civil cases should be applied to criminal cases, and, there being no assignment of errors in the case at bar, the judgment of the circuit court is affirmed.