## R. T. FROST v. JOHN HOELLINGER.

(132 N. W. 136.)

**Appeal and Error — Failure to Assign Errors — Rules of Court.**

When errors are not assigned in appellant's brief, as required by Rule 14, and no reason is disclosed why such rule should be relaxed, this court will not consider the appeal.

Opinion filed June 6, 1911.

Appeal from Ward County, County court; *Davis,* Judge.
Affirmed.

*James Johnson,* for appellant.

*Thompson & Schull,* for respondent.

SPALDING, J. This is an appeal from a judgment of the county court, having increased jurisdiction, of Ward county, rendered in favor of the plaintiff, and against the defendant. A statement of the case was settled, and a motion for a new trial was denied; but on due application the statement of the case was stricken out. This leaves nothing for this court to consider except the complaint and answer, the findings of fact, and conclusions of law, and the judgment; a jury having been waived. The action was brought to recover for services for superintending the construction of a building for the defendant, situated in the city of Minot. The complaint alleges that the respondent and one Hosmer were employed by the defendant about the 1st day of October, 1907, to superintend the construction of such building; that they accepted such employment, and thereafter superintended such construction until the 1st day of February, 1908, when said Frost and Hosmer dissolved partnership and the business was continued by the respondent Frost, he performing the services of superintendence from that date until the completion of the building, about the 1st day of July, 1908; and that he purchased of his late partner, on the dissolution, all accounts and bills receivable, contracts and assets of said firm, which were duly assigned to him; that the services rendered were reasonably worth, and the defendant agreed to pay, the sum of $325.80 therefor. The answer admits such partnership, and that the said firm prepared plans and specifications for the building mentioned, and denies all other allegations of the complaint. The findings of fact are in harmony with the allegations of the complaint, and further find that, after the dissolution of the respondent's firm, respondent continued to superintend the construction of the building mentioned; with the further finding that, at the time of the commencement of the superintendence of the construction of such building, and at all times throughout the construction thereof, defendant knew that said firm, and after its dissolution the respondent, was performing such services, with the expectation of receiving compensation; and that the services rendered were reasonably worth, at the time of performance, the sum of $325.80; that no part

21 N. D.—36.

has been paid. Judgment was entered against the defendant for the sum found due, with interest.

The appellant has failed to assign any errors in his brief, as provided by Rule 14 of this court (10 N. D. XLVI., 91 N. W. VIII.), and nothing is disclosed by the record making it appear that there is any ground why we should relax the requirements of such rule, and hence we are not justified in considering the appeal. Sucker State Drill Co. v. Brock, 18 N. D. 532, 123 N. W. 667. However, an examination of the judgment roll discloses no error, and the judgment is affirmed.

MORGAN, Ch. J., not participating.