BASKERVILLE, Appellant, v. THOMAS et al., Respondents.

(143 N. W. 371.)

1. Appeal—Brief—Assignments of Error—Supplemental Brief—Purpose of Statute.

The purpose of Laws 1911, Ch. 15, requiring appellant to file and attach to transcript specifications of error, is to inform opposite party of the errors relied on, so that he may see that

transcript covers all matters material to specifications, and, held, where no specifications are filed with transcript, it cannot be considered by the trial or by the appellate court.

2. **Appeal—Specifications of Error—Time of Filing—Default.**

Where transcript was filed June 18th, and under the statute specifications of error should have been filed not later than June 28th; and, held, specifications offered for filing July 1st were too late, and will not be considered.

3 **Appeal—Specifications of Error—Mandatory Statute.**

Laws 1911, Ch. 15, requiring brief to contain specifications of error, etc., and providing that, if it does not contain such things, the court "shall dismiss the appeal on motion," is mandatory.

4. **Appeal—Specifications of Error—Mistake—Rules and Decisions.**

Failure to file specifications of error within time required by Laws 1911, Ch. 15, is not excusable on ground of mistake, in that appellant thought it unnecessary; the Supreme Court decision on which appellant's counsel based his understanding of the law, and previous decisions, plainly construing the statute as requiring such specifications.

5. **Appeal—Exceptions—Review of Errors—Statement.**

In order to review assignments of error, appellant's statement of facts must show the ruling complained of was excepted to by appellant.

6. **Appeal—Assignments of Error—Judicial Notice of Errors— Search of Record.**

While the Supreme Court will not search the record for grounds of reversal not urged, it may consider matters apparent of record which are sufficient grounds for sustaining the judgment, though not urged by respondent.

7. **Appeal—Brief—Paper and Type Used—Non-compliance with Court Rules.**

Appellant's failure to comply with Supreme Court Rule 10, as amended (140 N. W. XIII), requiring briefs to be printed on a certain kind of paper in a certain sized type, is sufficient ground for rejecting his brief.

8. **Appeal—Brief—Contents—Judgment Roll.**

It is not necessary that appellant's brief shall contain in full the pleadings, verdict, and judgment, unless the errors assigned relate thereto.

Gates, J., concurring in the result.

(Opinion filed Oct. 23, 1913.   Rehearing denied Dec. 5, 1913.)

Appeal from Circuit Court, Brown County.   Hon. FRANK McNULTY, Judge.

Action by M. R. Baskerville against R. F. Thomas and another. From a judgment for defendants, and from an order denying a new trial, plaintiff appeals. Affirmed.

*Loucks, Mather & Stover,* and *J. G. McFarland,* for Appellant.

*Williamson & Williamson,* for Respondent.

That assignments of error were necessary had been the settled doctrine of this court since its institution, and the court had in numerous cases subsequent to the 1911 law, and immediately prior thereto, held that no case could be reviewed by the Supreme Court without assignments of error. Andrews v. Bank (S. D.) 127 N. W. 536; State v. John, (S. D.) 127 N. W. 470; Wilson Bros. Lbr. Co. v. Kelly, (S. D.) 122 N. W. 646; Whaley v. Vidal, (S. D.) 128 N. W. 331.

Such being the case, and attention being called thereto by the respondent in his brief over four months before the argument of the case, and the case having been argued and submitted without any application to supply the defect in the brief of appellant, it would be a plain denial of respondent's right to be heard upon the assignments of error presented after submission of the case.

SMITH, J. A preliminary matter must first be disposed of in connection with this appeal. The action was tried to a jury, and on March 7, 1912, a verdict for defendant was returned by direction of the court, upon which judgment was entered March 8, 1912. The appeal is from the judgment and an order overruling motion for a new trial. Appellant's brief was filed December 6, 1912, and respondent's brief January 9, 1913. At the opening of respondent's brief, objections were made to the consideration of any matters sought to be reviewed on appeal, among which was the specific objection that no assignments of error are contained in the brief, and that the brief contains no statement of facts, such as is necessary to an understanding of the alleged errors relied upon and discussed in the brief—citing State v. Doran, 28 S. D. 486, 134 N. W. 53.

The cause was placed on the April, 1913, calendar, and assigned for argument on May 10, 1913, at which time counsel for appellant and respondent appeared and argued and submitted the cause. Upon the oral argument, respondent's counsel vigorously

urged the objection that appellant had made no assignment of error, in compliance with the rules of this court. The cause was argued and submitted by appellant; but no application was then made for permission to make proper assignments of error. After argument and submission of the appeal, and on May 15, 1913, appellant's counsel made application for an order to show cause, returnable June 6, 1913, why leave to file a supplemental brief containing assignments of error should not be granted. In the affidavit for the order to show cause, appellant's counsel say: "In making up such brief, your affiant had consulted the opinion of the court in the case of State v. Doran, 28 S. D. 486, 134 N. W. 53, and was of opinion that appellant's brief as made was sufficent to apprise the court and counsel of the errors complained of, and that no further assignment of error was necessary."

The opinion in State v. Doran was handed down January 17, 1912, nearly a year prior to this appeal, and, during the year intervening, has been many times cited by this court in its decisions. The affidavit of appellant's counsel expressly avers that this appeal was taken under the provisions of chapter 15, Laws 1911, which was interpreted by this court in State v. Doran. In that case this court said: "Chapter 15 of the Laws of 1911 has not in any manner modified or changed the requirements of the law and the rules of this court relating to assignments or specifications of particular errors upon which a party will rely on a motion for a new trial or upon appeal to this court." Appellant's application for leave to file a supplemental brief containing assignments of error long after final argument and submission of the cause appears to be founded upon some alleged misinterpretation of the ruling in State v. Doran. No change whatever has been made either in the rulings or the rules of this court relating to assignments of error since that decision, and under the facts disclosed in this application we are wholly unable to conceive of any just reason for relieving appellant from the difficulties arising from a total disregard of its decisions.

[1] Chapter 15, Laws 1911, expressly requires that appellant file with the clerk and have attached to the transcript specifications or error. The purpose of this provision is to inform the opposite party of the particular matters specified as errors, so that he may see that the transcript covers all matters material to the specifica-

tions filed. Where no specifications are filed with the transcript as required by the statute, the adverse party is safe in ignoring the transcript, for the reason that it cannot be considered either by the trial court upon motion for a new trial or by the appellate court. No specifications of error were attached to or filed with the transcript in this case.

[2] Certain purported specifications were attached to and made part of the notice of intention to move for a new trial; but such specifications were a nullity, because the motion was to be made upon a record to be settled, and not upon the minutes of the court, and the purported specifications attached to the notice of intention were not even filed until after the statutory period had elapsed. The transcript was filed June 18th, and specifications should have been filed not later than June 28th. The notice of intention was not filed until July 1st., This default in filing specifications could not be cured unless, perhaps, through an order of the trial court, which order was never procured.

[3] The statute expressly declares that the brief must contain the things required, and, if it does not, that the court "shall dismiss the appeal on motion." The statute is mandatory, and this court cannot disregard its requirements. We should not have cared to further discuss this statute, had not appellant's motion for leave to file assignments of error made it necessary.

[4] With the language quoted from State v. Doran, supra, before appellant's counsel, and the previous decisions of this court in numerous cases from the earliest days down to the recent descisions in McAndrews v. Security State Bank, 25 S. D. 590, 127 N. W.536, and State v. Johns, 25 S. D. 451, 127 N. W. 470, we can see no possible grounds for any mistake which should excuse so plain a disregard of the rules governing the procedure on appeal, and especially upon an application made after oral argument and final submission of the cause in this court. The case falls squarely within Dring v. St. Lawrence, 140 N. W. 246, Sanford v. Helgerson, 141 N. W. 390, and Todd v. Burger, 141 N. W. 515.

[5, 6] An examination of the statements in appellant's brief discloses that nothing appears therein which might even purport to be an assignment of error, with one possible exception, viz., a recital that "we assume that the questions to be raised and argued

in the Supreme Court are covered by the motion for a directed verdict, and have not thought it necessary to set out these particulars in this brief." If this statement be construed as an assignment of error, it could not by any possibility be deemed an assignment of any error, except such as may have been committed by the trial court in its ruling upon defendant's motion for a directed verdict, and would present only 'that one ruling for review upon this appeal. The statement of facts, however, entirely omits one fact absolutely essential to appellant's right to a review of the alleged error, namely, that such ruling was excepted to by appellant. It is true, the absence of an exception in the statement of facts in appellant's brief is not directly urged in respondent's brief; but this court has repeatedly held that, while it will not search the record for grounds of *reversal* not urged by appellant, it may with propriety consider matters apparent upon the record before the court, which are sufficient grounds upon which to sustain the ruling of the trial court, although not urged by respondent's counsel.

[7, 8] In this contention there is another matters to which we deem it proper to call attention at this time. The proposed supplemental brief containing assignments of error, submitted by appellant's counsel, in connection with the order to show cause, wholly fails to comply with the rules of this court with respect either to the type or paper used in preparation of the brief, although printed subsequent to the promulgation of amended rule 10 (140 N. W. xiii), a copy of which rules was furnished to appellant's attorneys.. This alone would be sufficient ground for its rejection. From statements made in appellant's application, counsel appear to be laboring under the impression that one of the chief defects in the original brief was that the pleadings, verdict, and judgment are not printed in full therein. This court has never held this to be necessary, except where the error sought to be reviewed relates specifically to the pleading, verdict, or judgment itself.

The application for leave to file a supplemental brief containing assignments of error is denied, and the judgment of the trial court affirmed.

GATES, J., concurs in result.