RILEY, Respondent, v. JORGENSON, Sheriff, et al., Appellants.

## (150 N. W. 771.)

(File No. 3657.   Opinion filed January 22, 1915.)

1.  **Execution—Execution Sale—Ownership of Land—Claim by Third Person—Sufficiency of Evidence—Finding.**

    In a suit to enjoin the sale of realty under execution against plaintiff's husband, where a witness had testified that the husband showed him a deed of the land purporting to have been executed by plaintiff to her husband, held, that the evidence sustained a finding that plaintiff owned the land and that the husband had no interest therein subject to execution.

2.  **Trial—Findings—Materiality of Issue—Evidentiary Matter in Finding.**

    Appellant's contention that trial court's findings did not cover material issues, held, not to be tenable, the particular matter specified, to which it is alleged no findings were made, relating solely to evidentiary matter, and not to ultimate facts; it not being necessary to state in findings evidentiary matters upon which ultimate facts are based.

3.  **Trial—Findings—Substitution of Evidentiary Matter For Finding.**

    In a suit to enjoin the sale of realty under execution against plaintiff's husband, the issue and ultimate fact being whether plaintiff or her husband owned the land, held, that a request that a finding in effect that plaintiff did not execute to her husband a conveyance thereof and that the husband had no title and was not owner, be substituted by one that plaintiff had acknowledged a deed conveying the land to her husband, was a request for a finding as to an evidentiary fact, and was properly denied.

Appeal from Circuit Court, Hamlin County.   Hon. CARL G. SHERWOOD, Judge.

Action by Jennie Riley against J. T. Jorgenson, Sheriff of Hamlin County, and another, to enjoin an execution sale of realty.   From a judgment for plaintiff, and from an order denying a new trial, defendants appeal.   Affirmed.

*Hall, Alexander & Purdy,* and *W. N. Skinner,* for Appellants.
*Hanten & Hanten,* and *Perrett F. Gault,* for Respondent.

(1) Under point one of the opinion, Appellants cited: 4 Ency. of Ev. 223, 158; Smith v. Cole, 109 N. Y. 436, 17 N. E. 356.

Respondent cited: Pool v. Davis, 34 N. E. 1130; Daily v. Sorocco, (Cal.) 22 Pac. 211; Cointe v. Cong. of St. John, (Wis.) 143 N. W. 180; In re Hill's Estate, (Cal.) 138 Pac. 690; Smith v. Cleaver, 25 S. D. 351; Wenke v. Hall, 17 S. D. 305.

(2) Under point two of the opinion, Appellants cited: Code Civ. Proc., Secs. 276, 277; McPherson v. Swift, 22 S. D. 165; Taylor v. Vanderberg, 15 S. D. 480; McKenna v. Whitaker, 9 S. D. 442; Lyon v. Plankinton Bank, 15 S. D. 400; Craigo v. Craigo, 22 S. D. 417; Farmers Loan & Trust Co. v. New York & Northern Ry. Co., 150 N. Y. 410, 55 Am. St. Rep. 689; Coleman v. Gilman, 107 N. Y. 360; 38 Cyc. 953; McKenna v. Whitaker, 9 S. D. 442, 69 N. W. 587; Jennings v. Frazier, 80 Pac. 1011.

(3) Under point three of the opinion, Respondent cited: Grannis v. Hitchcock, (Minn.) 137 N. W. 186; Hayes v. Hayes, (Minn.) 137 N. W. 162.

McCOY, P. J. This action was instituted by respondent, as plaintiff, to perpetually enjoin and restrain appellants, as sheriff and trustee in bankruptcy of one Frank O. Riley, as defendants from selling a certain quarter section of land, claimed to be owned by respondent, at execution sale, as the property of said Frank O. Riley, the husband of respondent. The vital issue in the case was whether respondent or her husband was the owner of said tract of land in 1912, at the time of the entry of judgment and the levying thereunder of said execution. Findings and judgment were in favor of plaintiff, and defendants appeal.

[1] Appellants contend that the evidence was insufficient to sustain the findings and judgment. It appears that in 1891 respondent obtained title to said land by deed from one Upton, and that she and her husband at all times since have occupied said premises as their family home. A witness for defendants testified that in 1910 Frank O. Riley, the husband, showed to him (said witness) a deed of said lands purporting to have been executed and acknowledged by respondent as grantor to said Frank O. Riley as grantee. Both respondent and her husband denied that any such deed was ever signed, executed, or delivered by respondent to her husband. The trial court found that from the time of the execution of the deed by Upton to the time of the

trial respondent had been the owner in fee and in possession and entitled to possession of the whole of said premises as her separate property and estate, and that said Frank O. Riley had not at any time any right, title, interest, or estate in or to said premises subject to levy and sale under execution or other process. We are of the view that the evidence was amply sufficient to sustain this finding.

[2] It is also contended by appellants that the findings are not sufficient to support the judgment and that the court did not make findings upon material issues. We are of the opinion that this contention is not tenable. We are of the view that the particular matters specified, to which it is alleged no findings were made, relate solely to evidentiary matters, and not to ultimate facts, such as properly may be stated in a finding. It is not necessary or proper in a finding to state the evidentiary or probative facts upon which the ultimate facts stated in the findings are based. 38 Cyc. 1980; Chaffee-Miller Land Co. v. Barber, 12 N. D. 478, 97 N. W. 850; Naddy v. Dietze, 15 S. D. 26, 86 N. W. 753; Smith v. Cleaver, 25 S. D. 351, 126 N. W. 589. The ultimate fact to be found by the court in this case was whether plaintiff or her husband was the owner of the land in question at the time of the levy of the execution. It is not necessary for the court to state in the findings the evidentiary matters upon which the ultimate fact of ownership was based.

[3] Appellants moved the court, after formal finding had been made, to modify the finding that plaintiff did not at any time execute and deliver to her husband a warranty deed, or other grant or conveyance of any kind, conveying said premises to her husband, and that Frank O. Riley never has had title to and is not now the owner of said premises, by substituting therefor that on or about February 1, 1910, the plaintiff acknowledged before J. F. Lunde, a notary public, the execution by her of a warranty deed purporting to be signed by her and conveying to her husband the said premises, and which acknowledgment was certified in due form by said notary and attested by his seal of office. This motion to so modify was denied, and appellant duly exeepted, and now assigns such ruling as error. We are of the view that the motion was properly denied, for the reason that there was no evidence warranting such modification, and also that the matters

sought to be made a portion of the findings were evidentiary in character, and not a statement of ultimate fact.

. The judgment and order appealed from are affirmed.