F. A. CALKINS, Respondent, v. O. C. STEVENS, and Matt Schneider, W. F. Mahowald, and A. Auerbach, Appellant.

(193 N. W. 733.)

**Chattel mortgages — evidence held to support finding that mortgagee by consenting to sale of mortgaged property waived lien.**

Where a chattel mortgagee authorized the mortgagor to sell a certain pool hall outfit, to receive the proceeds, and, thereafter to pay such proceeds to the mortgagee, and, where the trial court, in an order for judgment, found that such mortgagee had consented to the sale of such property by the mortgagor, and, by so doing, had waived the lien, it is *held*, for reasons stated in the opinion,—

(a) That the finding is supported by the evidence, is determinative, and is sufficient.

(b) That the lien was waived.

Opinion filed May 5, 1923.

Appeal and Error, 4 C. J. § 3044 p. 1059 n. 5; Chattel Mortgages, 11 C. J. § 339 p. 624 n. 35, p. 625 n. 47; Trial, 38 Cyc. p. 1969 n. 99.

In District Court, McLean County, *Nuessle*, J.; *Jansonius*, J.

Garnishment proceedings involving proceeds of property upon which intervener had a chattel mortgage. From a judgment in plaintiff's favor, intervener has appealed.

Affirmed.

*R. L. Fraser* and *Nevin & Greenberg*, for appellant.

*E. T. Burke* and *J. E. Nelson*, for respondent.

BRONSON, Ch. J. In a police court, plaintiff sued defendant to recover $200 due for rent. Garnishment proceedings were also instituted. The garnishees, who had purchased a certain pool hall outfit from defendant, disclosed $200 due. The appellant herein, claiming a right to the money through a chattel mortgage upon the outfit, was permitted to intervene. After trial, the police magistrate found that the intervenor had consented to the sale of the mortgaged property and entered judgment in plaintiff's favor against the defendant and also the garnishees for $200. An appeal was taken to the district court. There a trial was had to the court without a jury. In the evidence it appears that defendant sold to the garnishees the pool hall outfit for $200 and gave to them a bill of sale therefor. The appellant, who had a chattel mortgage upon this outfit, testified that he had authorized defendant to sell this property provided defendant turned over the money to him to apply on defendant's indebtedness to appellant; that he did not know anything about the bill of sale. The district judge, in an order for judgment, found that appellant had consented to a sale of the outfit by defendant and, by so doing, waived his lien. The appeal, accordingly, was dismissed. Appellant made a motion for a new trial. This was denied. He has appealed from the judgment. He contends that the trial court erred in not making full and formal findings of fact and in holding that the lien was waived. The trial court did make a finding of fact that appellant consented to a sale of the property by defendant, and, a conclusion of law, that appellant waived his lien. The evidence is here. The finding is supported by the evidence. It determines all issues presented by the record. The judgment accordingly will not be reversed for failure to make findings upon other issues. Chaffee-Miller Land Co. v. Barber, 12 N. D. 478, 483, 97 N. W. 850. The conclusion of the trial court was proper. The authorization given by appellant to

defendant to sell the property, to receive the proceeds, and, thereafter, to pay the same to appellant, operated, upon this record, to substitute the promise of the defendant to pay for the lien right of appellant to enforce payment. New England Mortg. Secur. Co. v. Great Western Elevator Co. 6 N. D. 407, 71 N. W. 130; Shortridge v. Sturdivant, 32 N. D. 154, 159, 155 N. W. 20. Thus, the lien was waived.

The judgment is affirmed with costs.

CHRISTIANSON, JOHNSON, and BIRDZELL, JJ., and BURR, Dist. J., concur.

Mr. Justice NUESSLE, being disqualified, did not participate, Honorable A. G. BURR, Judge of Second Judicial District, sitting in his stead.