Sanford v. Munford.

the plaintiff in error.   There is no error in the record
and the judgment is

AFFIRMED.

THE other judges concur.

C. W. SANFORD ET AL. V. C. C. MUNFORD.

[FILED MAY 6, 1891.]

1. Chattel Mortgages: LIEN: DURATION: REFILING.  As be
tween the parties to a chattel mortgage the lien thereby created
continues so long as there is a subsisting debt, which cah be en-
forced in the courts.  The filing or refiling of a chattel mortgage,
as required by statute, is for the protection of creditors and
*bona fide* purchasers without notice, and not for the purpose of
continuing the lien as between the parties to the mortgage.

2. ———: RIGHTS OF MORTGAGOR.  Upon the testimony in the
record the mortgagee is shown to be entitled to the security to .
the extent of the debt which the mortgage was given to secure.

ERROR to the district court for Lancaster county.   Tried
below before FIELD, J.

*M. B. Reese,* for plaintiffs. in error, cited : *Whitney v.
Heywood,* 6 Cush. [Mass.], 82; *Hale v. Morgan,* 68 Ill.,
244; *Kan. Mfg. Co. v. Gandy,* 11 Neb., 450 ; *Whitmill v.
Wilson,* 3 Penn. [P. & R.], 413; *Hanlon v. Doherty,* 9
N. E. Rep., 782 ; Jones, Chattel Mortgages, sec. 661.

*J. C. Crooker,* and *J. E. Philpott, contra.*

PER CURIAM.

This is an action brought by replevin in the defendant
in error against the plaintiff in error to recover the posses-

sion of a span of mules.   On the trial of the cause the jury returned a verdict for the defendant in error, on which judgment was rendered.

The testimony tends to show that on the 14th day of January, 1887, the defendant in error executed to the plaintiffs in error a promissory note for the sum of $252.75, and to secure the payment of said note executed a chattel mortgage upon the mules in question.   Sanford transferred the note before due by indorsement, but it not being paid when due it was re-indorsed to him without recourse.   Sanford thereupon took possession of the mules, when the defendant in error brought an action in replevin and reclaimed the possession.

The defendant in error does not claim that he has paid the note to Sanford or any part thereof, but alleges that the property is freed from the lien of the mortgage by virtue of a verbal release by Sanford.   His testimony on that point is as follows:

Q. You testified these were the same mules you sold to Odell.  How did you come to sell them to Mr. Odell? Did you consult anybody before you sold them?

A. Yes, sir.

Q. Who did you consult?

A. Mr. C. W. Sanford.

Q. The defendant?

A. Yes, sir.

Q. What did you ask him?

A. I went and asked him if he had any objection to my selling the mules, and him taking the notes.

Q. Who was with you?

A. A man named Herring.

Q. That man was having a public sale—vendue?

A. I thought it best to have him advertise and sell them.   He was going to have a public sale.

Q. Of what kind of property?

A. A span of mules, hogs, cattle, farm machinery—one kind of stock and another.

Q. What did C. W. Sanford say about it?

A. He told me to do so—to put them in and take a good note.

Q. Who bought them?

A. Mr. Odell.

Q. For how much?

A. $295.

Q. On what length of time?

A. I think it was a year's time.

Q. What evidence of indebtedness at the time did he give?

A. He gave another man as security.

Q. On what?

A. There were just two names on the note as security.

Q. Did you take a note from Odell?

A. Yes; Mr. Odell and another man's name was joined on the note.

He also testifies that he gave this note to Sanford, who, after keeping it a few days, returned it to him as not being sufficient. He, Munford, then stated that he could get the note cashed at a certain bank by allowing discount thereon, and that he would do so and pay Sanford the amount due for the mules. He obtained the money on the note, and claims that he offered Sanford about $150, which he refused to receive. Sanford denies this absolutely. The defendant in error does not claim that the amount which he alleges was tendered to Sanford was the full amount of the note to Sanford, secured by a mortgage, and all the testimony shows that the alleged tender has not been kept good. After the sale of this note the defendant in error claims to have traded with Odell and thereby obtained the mules in controversy.

If we take the most favorable view possible of the testimony of the defendant in error, the contract of Sanford with him was, in effect, that he could make a good sale of the mules and thereby obtain a good note and deliver it to

Sanford, that he would receive the same and release the mortgage—probably paying Munford the excess. Under this arrangement the defendant in error could not have given the mules away or sold them for greatly less than their value, nor to an insolvent person so as to deprive the plaintiff in error of a portion or all of his security. From his own statement he was to act in good faith in selling the mules, and upon his paying the purchase price to Sanford, or so much thereof as was necessary, he would acknowledge satisfaction of the mortgage. The mortgage was duly filed in Saunders county and was constructive notice to every one of its existence.

As between the parties to a chattel mortgage the lien continues as long as there is a subsisting debt. When the debt is barred by the statute of limitations or other cause, the lien ceases; but as between the parties this lien does not depend upon the filing or refiling of the mortgage. The statute for the protection of creditors and *bona fide* purchasers requires the mortgage to be filed, and in case of neglect in that regard, where there is no actual notice, a mortgage is of no validity as to them; but this rule does not apply between parties. If we take the testimony of the defendant in error, therefore, he failed to comply with the terms of his own agreement and the lien of the mortgage has not been extinguished.

The court refused to give the following instruction :

" If you find from the evidence that the permission given to plaintiff by defendant to sell the mortgaged property was upon the condition that plaintiff should return to defendant the proceeds of the sale, either in notes or mortgage, to be applied upon the debt, and that the note or notes returned were not retained by defendant and were returned to plaintiff, who has not since paid the debt nor tendered the amount thereof, then, as between plaintiff and defendant, the title conveyed by the mortgage cannot be extinguished, and your verdict should be in favor of the defendant."

In this refusal the court erred.   The instruction was applicable to the testimony and stated the law correctly.

There are other errors in the record which need not be noticed.

On the testimony before us the plaintiff is entitled to the possession of the security for the amount due upon the note and mortgage.   The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.