## BEDFORD V. KISSICK *et al.*

1. Where an appeal is from the order denying a motion for a new trial, the record need not show a judgment.

2. The abstract on appeal need not contain the evidence in full, by question and answer, as it is set out in the bill of exceptions.

3. A garnishment is ineffectual where it does not appear that anything is due the judgment defendant at the time the garnishment is served.

4. Comp. Laws, Part 2, Chap. 13, § 5124, provides that after the rendition of a judgment, any person indebted to defendant in execution may pay to the "sheriff" the amount of such indebtedness, or so much as is necessary to satisfy the execution, and the sheriff's receipt shall be a sufficient discharge therefor. Sec. 6117 makes the provisions of Part 2, Chap. 13, relating to the levy and sale or delivery of personal property so far as the same are applicable, apply to executions issued by a justice of the peace. *Held,* that Sec. 5124 applies to payments made to a constable on an execution issued by a justice of the peace.

5. Where an execution defendant tells his debtor to pay the amount due him to an officer, and he does so, such defendant is estopped from afterwards claiming the money so paid.

(Opinion filed May 26, 1896.)

Appeal from circuit court, Lawrence county. Hon. A. J. PLOWMAN, Judge.

Action to recover a balance due on a contract for work and labor, commenced in justice's court and taken on appeal by defendants to the circuit court, which directed a verdict for plaintiff. From an order denying a motion for a new trial, defendants appeal. Reversed.

The facts are stated in the opinion.

*J. P. Wilson,* for appellants.

An execution constitutes a lien upon the personal property of the debtor from the date of delivery to an officer. Joslin v. Spangler, 13 Colo. 491; 22 Pac. 804; People v. Smith, 29 Ill. App. 577. See also 7 Am. & Eng. Ency. Law pp. 122 144, (note) and 151.

*Joseph B. Moore,* for respondent.

The court has no jurisdiction to hear and determine this appeal, for the reason that no appeal will lie from any order to the supreme court before the final determination of the action in which such order is made. Harris Mfg. Co. v. Walsh, 2 Dak. 41, 3 N. W. 307; Stevens v. Gale, 2 S. D. 370, 9 N. W. 99; Seven Valleys Bank v. Smith, (Neb.) 61 N. W. 606, and cases cited; Jandt v. Derauleau, (Neb.) 61 N. W. 632. Until the record which presents the case for review shows that this court has jurisdiction, it can do nothing but decline to examine it. First Nat. Bank v. N. W. Elevator Co., 2 S. D. 356; Valley Land & Irrigation Co. v. Schone, 2 S. D. 344.

CORSON, P. J. This was an action originally commenced in a justice court to recover $55, the balance due on contract for work and labor. After a trial in the justice court the case was appealed to the circuit court, and that court directed a verdict for the plaintiff. From an order denying a new trial defendants appeal.

The respondents make a preliminary objection that the record discloses no judgment in the case. But this is not necessary when the appeal is from the order only denying a motion for a new trial. An order granting or denying a new trial is an appealable order. Comp. Laws, § 5236, Subd. 3. And if the order denying a new trial is reversed, its effect is to vacate the judgment if any has been entered. Thompson v. Smith, 28 Cal. 528; Kower v. Gluck, 33 Cal. 401; Bronner v. Wetzlar, 25 Cal. 419; Gross v. Kellehar, 80 Cal. 519, 22 Pac. 293. Respondent further contends that, as the abstract does not contain the evidence in full as contained in the bill of exceptions, it ought to be disregarded. And counsel files an additional abstract showing that in the bill of exceptions the evidence was set out by question and answer. The learned counsel has evidently misconceived the purpose and object of an abstract. The theory of an abstract is that it shall bring before the court, in as brief and succint a form as possible, so much

of the bill of exceptions as may be neccessary to enable this court to decide the points in controversy. Rule 12 prescribes the method of setting out the various proceedings, and contains this important suggestion: ·'Preserve everything material to the question to be decided, and omit everything else." It is rarely necessary to present the evidence by question and answer in an abstract, unless in the case of questions objected to, or which, for some other reason, become important. The counsel for the appellant in this case has followed the rules of the court closely, and has presented a clear and succinct statement of the facts necessary to present the questions to be decided by this court.

The defendants denied the allegations in the complaint, and set up as a defense that one Campbell recovered judgment against the plaintiff in a justice's court, and that under an execution issued upon that judgment the constable levied upon the indebtedness sued upon in this action, and that the defendants paid the amount due the plaintiff to said constable, who applied the same in satisfaction of his said execution and returned the same fully satisfied. On the trial the defendants proved the facts alleged as to the execution and proved an attempted levy of the same. The execution was issued June 12th, and on the same day the constable served the same upon the defendants, but the defendants declined to make any statement of their indebtedness to the plaintiff. The execution was renewed July 11th, and August 10th, as provided by Sec. 6116, Comp. Laws, and on August 27th the defendants paid the said constable $60, the amount due the plaintiff from them on his contract, and the execution was returned satisfied.

It appeared from the evidence that at the time the execution was issued the plaintiff was erecting a building for the defendants under a special contract, which was not completed until some time after the attempted levy. Some work had been done on the contract when the constable levied the execution; but the defendants were unable to state, as he had not com-

pleted his contract, that there was anything due plaintiff at the time of the levy. No other or further levy was made by the constable under his execution. It not appearing on the trial that anything was due from the defendants to the plaintiff when the attempted levy was made, the levy would seem to have been ineffectual. As a general rule a garnishment or levy can reach nothing beyond moneys actually due the judgment debtors at the time the garnishment was served. Freem. Ex'rs, § 164; Webber v. Bolte, 51 Mich. 115, 16 N. W. 257; Thomas v. Gibbons, 61 Iowa 50, 15 N. W. 593.

But appellant contends that, if the levy was ineffectual, the payment by the defendants of the money due the plaintiff, to the constable, upon the execution, as provided in Sec. 5124, discharged the defendants from further liability. That section reads as follows: "After the rendition of the judgment, any person indebted to the defendant in execution may pay to the sheriff the amount of such indebtedness, or so much thereof as is necessary to satisfy the execution, and the sheriff's receipt shall be a sufficient discharge therefor." By Sec. 6117, Comp. Laws, the provisions of Chap. 13, pt. 2 (which embraces Sec. 5124), relating to the levy and sale or delivery of personal property, so far as the same are applicable, are made to apply to executions, issued by a justice of the peace. Under the provisions of the last section, we think Sec. 5124 is applicable to payments made to a constable upon an execution issued by a justice of the peace. This being so, the payment by the defendants to the constable, and applied upon the execution in which this plaintiff was the defendant, was a valid payment of the plaintiff's claim, and the defendants were therefore relieved from any further liability to the plaintiff.

It further appears from the evidence on the part of defendants, and is undisputed, that prior to the payment of the money to the officer Mr. Kissick had a conversation with the plaintiff as to the payment of this money over to the officer, and the plaintiff told him to pay it over to him. The plaintiff would

therefore be estopped from claiming the money so paid over by his direction. It is quite clear, therefore, that the court erred in directing a verdict for the plaintiff, and the order of the circuit court denying a new trial is reversed, and a new trial ordered.