ALBERT W. MAY

*v.*

DISCONTO GESELLSCHAFT.

*Opinion filed October 24, 1904.*

1. ATTACHMENT—*when affidavit is sufficient to give court juris-diction.* An affidavit for attachment which shows that the action is brought to recover money obtained by fraud and misrepresentation is sufficient to give the court jurisdiction, since the plaintiff may waive the tort and sue in assumpsit.

2. SAME—*plaintiff may change form of action from tort to assumpsit.* Plaintiff in attachment who files a declaration in tort may, by leave of court, change the form of the action to assumpsit, where the cause of action in both declarations is the same.

3. SAME—*change in form of action not open to attack by interpleader.* A change by plaintiff in attachment of the form of his action from tort to assumpsit, upon leave granted, cannot be taken advantage of by an intervening creditor or interpleader whose rights have been acquired *pendente lite.*

4. SAME—*simple contract creditor cannot interplead in attachment.* The right of a simple contract creditor to have his debt satisfied cannot be asserted by interpleading in an attachment suit under section 29 of the Attachment act, since the right of property is the only issue to be tried under that section.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. S. TUTHILL, Judge, presiding.

THEODORE G. CASE, for appellant:

Attachment cases are in derogation of the common law and are *stricti juris. Brewing Co.* v. *Carr,* 198 Ill. 492; *Bank* v. *Pack,* 70 Ill. App. 177; *Dennison* v. *Blumenthal,* 37 id. 385; *Estlow* v. *Hannah,* 75 Mich. 219; *Randle* v. *Mellon,* 67 Md. 185.

Actions *ex delicto* cannot be the basis of an original attachment. *Firebaugh* v. *Hall,* 63 Ill. 81; *Moore* v. *Hamilton,* 2 Gilm. 429; *Haldeman* v. *Starrett,* 23 Ill. 393; *Phelps* v. *Young,* Breese, 255; *MacDonald* v. *Forsyth,* 13 Mo. 549;

*Elliott* v. *Johnson,* 3 Wis. 571; *Bank* v. *Fuchs,* 89 Tex. 197; *Young* v. *Broadbent,* 23 Iowa, 539; Drake on Attachment, (7th ed.) sec. 10; *Minga* v. *Zollicoffer,* 23 N. C. 278; *Crossman* v. *Lindsley,* 42 How. Pr. 107; *Handy* v. *Brong,* 4 Neb. 60; *West* v. *Chew,* 18 La. Ann. 630; *Young* v. *Princess Royal,* 22 id. 388; *Shoffer* v. *Mason,* 18 Abb. Pr. 286; *Geffery* v. *Wooley,* 10 N. J. L. 123; *Fellows* v. *Brown,* 38 Miss. 541; *Porter* v. *Hildebrand,* 14 Pa. St. 129.

Whenever, in attachment, it appears from the declaration or the evidence that the true cause of action was not upon contract, it becomes the duty of the court to dismiss the suit. The writ becomes *functus officio* and cannot be cured by an amendment. *Elliott* v. *Johnson,* 3 Wis. 571; *Pope* v. *Insurance Co.* 24 Ohio St. 481; *Young* v. *Broadbent,* 23 Iowa, 539; *Fellows* v. *Brown,* 38 Miss. 541; *Dredging Co.* v. *Fueling Co.* 90 Ill. App. 376; *Durham* v. *Heaton,* 28 Ill. 271; *Chanute* v. *Martin,* 25 id. 49.

Where a declaration possesses all the attributes of a certain action, commencing and concluding as such, the mere presence of a word indicating another will not change such action. *Cruikshank* v. *Brown,* 5 Gilm. 75.

The attachment became dissolved by the filing of an amended declaration changing the cause of action.

The declaration in an attachment proceeding must be limited to the cause of action specified in the affidavit. *Tunnison* v. *Field,* 21 Ill. 108; *McNulty* v. *Batty,* 2 Pinney, 54.

An attachment is discharged, as to intervening rights, by an amendment changing the cause of action. *Heidel* v. *Benedict,* 61 Minn. 170; *Freeman* v. *Creech,* 112 Mass. 180; *Willis* v. *Crooker,* 1 Pick. 203; *Fairfield* v. *Baldwin,* 12 id. 388; *Bell, Berkley & Co.* v. *Hall,* 63 Ky. 288; *Patterson* v. *Steamboat Gulvan,* 2 Disney, 505; *Pope* v. *Insurance Co.* 24 Ohio St. 481; *Mudge* v. *Scholle,* 78 Cal. 34; *Whitney* v. *Burnette,* 15 Wis. 67; *Brookmie* v. *Rosa,* 34 Neb. 227; *Kittridge* v. *Gifford,* 62 N. H. 134.

Where a person with knowledge of the facts chooses one of two modes of redress, and the two are so inconsistent that

the assertion of one involves the repudiation of the other, he will be precluded from going back and selecting again. The amending of the declaration was therefore improper. *Birdsell Manf. Co.* v. *Oglevee,* 187 Ill. 149; *Brown* v. *Brown,* 142 id. 409.

WILLIAM VOCKE, and WILLIAM MANNHARDT, for appellee:

The declaration in attachment proceedings is amendable. *Tunnison* v. *Field,* 21 Ill. 108; *Tilton* v. *Cofield,* 93 U.S. 163.

An amendment changing the cause of action does not dissolve the attachment as to purchasers *pendente lite. Tilton* v. *Cofield,* 93 U. S. 163.

The attachment is not dissolved by an amendment of the declaration so long as the cause of action remains the same. *Chapman* v. *Stuckey,* 22 Ill. App. 31; Drake on Attachment, sec. 285; *Page* v. *Jewett,* 46 N..H. 445; *Miller* v. *Clark,* 8 Pick. 411.

Although the defendant might have been liable in tort to the plaintiff, the latter could and did elect to sue in assumpsit, since the facts warranted such choice. *Gas Light Co.* v. *Granger,* 118 Ill. 267; 1 Chitty's Pl. 99, 100, note 2; *Dana* v. *Kemple,* 17 Pick. 545.

The intervening claimant cannot take advantage of the amendment of the declaration, even though it might be erroneous as between the plaintiff and defendant. He is not interested in the question of the sufficiency of the pleadings. *Tilton* v. *Cofield,* 93 U. S. 163; *Clayburg* v. *Ford,* 3 Ill. App. 545; *Lee* v. *Bradley,* 8 Martin, 55; *Isham* v. *Ketchum,* 46 Barb. 43; *Ward* v. *Howard,* 12 Ohio, 158; *Page* v. *Jewett,* 46 N. H. 445; *Tenney* v. *Schlucter,* 62 Tex. 327; *Bateman* v. *Ramsey,* 74 id. 589.

The only inquiry that can be made under the section of the statute that authorizes a party to interplead in an attachment proceeding is as to the right of property. *Insurance Co.* v. *Bank,* 68 Ill. 352.

Mr. JUSTICE SCOTT delivered the opinion of the court:

On August 17, 1901, appellee, a banking corporation of Berlin, Germany, began an original attachment proceeding in the circuit court of Cook county against Gerhard Terlinden, *alias* Theodore Graefe, and as a basis for that proceeding filed an affidavit which contains the following statement in reference to the indebtedness sued for:

"William Vocke, as agent and attorney for Disconto Gesellschaft, a corporation, of Berlin, Germany, being duly sworn, deposes and says that Gerhard Terlinden, *alias* Theodore Graefe, is indebted to said Disconto Gesellschaft, after allowing all just credits and set-offs in the sum of $5000, upon certain drafts and acceptances, obtained by the said Gerhard Terlinden, *alias* Theodore Graefe, from the said Disconto Gesellschaft by means of gross forgeries and various other criminal and fraudulent devices."

On the same day the writ was served upon the Union Trust Company, of Chicago, as garnishee, and two days later, on August 19, 1901, it was served on the defendant personally. On October 10, 1901, the plaintiff filed herein a declaration in trespass on the case, by which it sought to recover the same indebtedness mentioned in the affidavit. On November 26, 1901, the garnishee answered interrogatories which had theretofore been filed, from which it appears that at the time of the service of the writ of attachment on the garnishee the defendant had $3100 on deposit with the garnishee, and that on October 26, 1901, two separate instruments, an assignment and check, had been presented to the garnishee each transferring $3000 of this sum to Albert W. May, in so far as the defendant could transfer the same.

On November 29, 1901, May interpleaded, setting up the assignment to him of the money on deposit with the garnishee, and alleging that plaintiff obtained no rights by virtue of the attachment proceedings because same were void.

On December 6, 1901, the plaintiff, by leave of court, filed an amended declaration, which is in assumpsit. The first count is for money loaned by the plaintiff to the defend-

ant. The second count is for breach of warranty by the defendant in having warranted as true, genuine and marketable certain shares of stock which proved to be forged and worthless. The common counts were added.

May, and the defendant, by separate motions, on December 17, 1901, moved the court to dismiss the suit for want of jurisdiction and to quash the attachment and discharge the garnishee because the plaintiff had failed to file interrogatories in due time and had changed its cause of action, thereby dissolving the attachment. These motions were overruled. On January 31, 1903, May filed an amended interplea, setting up the assignment and check above mentioned and averring that the attachment writ was issued contrary to the statute; that the cause of action had been changed and the attachment dissolved by filing the amended *narr.;* that the plaintiff and defendant were not residents and citizens of the United States, but of the empire of Germany; that bankruptcy proceedings were pending in Germany at the time the attachment proceedings were instituted; that a trustee in bankruptcy over the estate of the defendant was appointed and that the plaintiff participated in the bankruptcy proceedings and filed its claim with the trustee, and that the plaintiff entered into an agreement with the trustee, under which any money or property recovered in this action should be turned over to the trustee as part of the estate of the bankrupt, and that the interpleader was a citizen of the United States and a resident of the State of Illinois. To this interplea plaintiff demurred. On January 31, 1903, the demurrer was sustained, the interplea dismissed, and May appealed. The Appellate Court for the First District has affirmed the judgment of the circuit court appealed from, and May appeals to this court.

The abstract further shows that on February 13, 1903, judgment was entered in the circuit court in favor of the plaintiff against the defendant for $5427.08, and against the garnishee in favor of the defendant for the use of the plaintiff for $3100.

The parties to this appeal unite in assuming that an action *ex delicto* cannot be the basis of an original attachment suit, and it is urged by appellant that as the cause stated in the original declaration was one clearly in tort, it must be held to have been an action in tort and that as a consequence thereof the attachment writ and all proceedings thereunder were void and appellant's assignment of $3000 of the fund was therefore effective.

An inspection of the language above quoted from the affidavit for attachment shows that the action is brought to recover money which the defendant obtained by fraud and misrepresentation, and while an action *ex delicto* may be brought, it is also true that the plaintiff may waive the tort and sue in assumpsit for money had and received. 1 Chitty's Pl. *353; *Dana* v. *Kemble,* 17 Pick. 545; *Bradford* v. *City of Chicago,* 25 Ill. 411; *Citizens' Gaslight Co.* v. *Granger & Co.* 118 id. 266.

It follows, therefore, that as the affidavit set forth the nature and amount of an indebtedness for which a suit in assumpsit could be brought, it was sufficient to give the court jurisdiction.

It is then urged that when the plaintiff filed a declaration in tort, it thereby appeared that the court was without jurisdiction to proceed, and the attachment should then have been quashed and the suit dismissed, and that if this be not true, the amended declaration changed the cause of action, and that filing an amended declaration changing the cause of action operated to dissolve the attachment. Appellant is wrong in his contention that the declaration and amended declaration stated different causes of action. A careful inspection of these pleadings and a comparison of each with the affidavit for attachment show that each counts upon the indebtedness mentioned in that affidavit, the original declaration being in tort and the amended declaration being in assumpsit. The change is in the form of the action and not in the cause of action.

It appears from the amended interplea that prior to the filing thereof, the amended declaration had been filed. That amended declaration is entirely consistent with the affidavit for attachment, and under that affidavit and declaration the plaintiff might properly prosecute to judgment his cause of action.

The act of plaintiff in first filing a declaration in tort and afterward filing an amended declaration in assumpsit, in our judgment, is not open to attack by the interpleader. The amendment was one which the plaintiff, under our statute, had a right to make, by leave of court, and when made it related back to the beginning of the suit. In the original declaration plaintiff stated his cause of action in the wrong form. An irregularity of this character, which plaintiff, upon leave granted, had the right to correct as against the defendant, cannot be taken advantage of by an intervening creditor or an interpleader whose rights have been acquired *pendente lite.* *Ball* v. *Claflin,* 5 Pick. 303; *Mendes* v. *Freiters,* 16 Nev. 388; *Moresi* v. *Swift,* 15 id. 220; *Patrick* v. *Monatder,* 13 Cal. 443; *Vibband* v. *Roderick,* 51 Barb. 627; *Tierman's Exr.* v. *Woodruff,* 5 McLean, 136.

Appellant quotes from *Woodward* v. *Brooks,* 128 Ill. 222, the following language: "It is contrary to the policy of our laws to allow the property or funds of a non-resident debtor to be withdrawn from this State before his creditors residing here have been paid, and thus compel them to seek redress in a foreign jurisdiction;" and urges that as it appears from the interplea that plaintiff sought this money for the benefit of the trustee in bankruptcy appointed by the court in Germany, interpleader's claim, being that of a resident creditor, should be preferred by the courts of our State. It is a sufficient answer to say that the right asserted by the interpleader is not that of a creditor but that of an assignee of the property. He claims to be the owner of the property and interpleads by virtue of section 29 of chapter 11, Hurd's Revised Statutes of 1903. Under that section the only thing to be tried is the right of property. The mere right of a sim-

ple contract creditor to have his debt satisfied cannot be asserted by interpleading in an attachment suit. *City Ins. Co. v. Commercial Bank,* 68 Ill. 348.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*