## MARINER v. PATTEN.

Where a mortgagee expressly agreed that a mortgaged chattel should be sold as the property of the mortgagor, and the evidence was conflicting on the issue whether the sale was on the condition that the property should not be taken from the premises until paid for, that issue was for the jury, since, if there was no condition, the title passed under Civ. Code, § 950, to the buyer, and the mortgagee could not recover possession while, if the condition was imposed, the mortgagee could recover if the chattel was removed from the premises before payment.

(Opinion filed, October 3, 1911.)

Appeal from Circuit Court, Spink County; Hon. ALVA E. TAYLOR, Judge.

Action by Frank C. Mariner against Frank Patten. From a judgment for plaintiff, defendant appeals. Reversed.

*Corrigan & Darling,* for appellant.

HANEY, J. This is an action to recover possession of one bay colt. The allegations of the complaint are to the effect that

the colt is the property of one C. S. Owen; that it was delivered to the plaintiff to be held by him as Owen's agent, "and also as mortgagee by virtue of a chattel mortgage covering said property"; that the defendant wrongfully took possession of the colt September 18, 1908, and wrongfully detains the same notwithstanding possession has been demanded; and that the value of the colt is $100. All these allegations, except as to value, are denied by the answer, wherein it is alleged that the defendant purchased the colt of C. S. Owen, the then owner, at public auction, with plaintiff's knowledge and consent, before this action was commenced. The trial court directed a verdict finding the plaintiff to be entitled to the immediate possession of the property, and its value to be $100. Judgment having been accordingly entered and defendant's application for a new trial denied, this appeal was taken.

The plaintiff as a witness on his own behalf testified that Owen was indebted to him; that he had a mortgage to secure the same which covered the colt in controversy; that $100 of such indebtedness remains unpaid; that a short time prior to September 18, 1908, he entered into an oral agreement with Owen, who was intending to have an auction sale on that date; that his property covered by his mortgage should be sold at such sale; that he should act as clerk of the sale and take possession of the proceeds thereof, and apply the same upon the debt secured by the mortgage; that he acted as clerk during the entire sale, remaining at Owen's farm where the sale took place, until it was quite dark; that before the sale began the auctioneer announced that the terms of the sale would be all sums under $10 cash, all sums over $10 one year's time, 8 per cent. interest, bankable paper, all settlements to be made with the clerk before the property was taken from the premises; that the colt in controversy was sold by the auctioneer to the defendant, who made no settlement with the clerk in cash or otherwise; that a few days after the sale the plaintiff told the defendant he wanted a settlement for the property bought at the sale; that defendant declined to settle, claiming that Owen was owing him, and he wanted to apply the price of

the colt upon such indebtedness; that he saw the defendant again when he demanded cash or a note, which was refused; and that he then demanded possession of the colt, which was refused. The mortgage was received in evidence, but it is not printed in the abstract. The plaintiff also testified that he saw the defendant buy the colt, that he was at Owen's when defendant left the place, but that he did not see the defendant take the colt. Substantially all of this evidence was admitted over defendant's objections. Evidence on the part of the defendant was admitted tending to prove that the only announcement as to terms of the sale was made by the auctioneer; that nothing was said by him about settlements being made with the clerk or about settlements being made with any person before the property could be taken from the premises; that the plaintiff acted merely as clerk of the sale, giving no notice of any interest in or claim upon the property; and that Owen knew when the colt was taken, acknowledged his indebtedness to the defendant, and agreed to pay the same out of the proceeds of the sale.

The trial court could not have decided that the plaintiff was entitled to possession of the property when this action was commenced on the theory that it had been previously delivered to him to be held as Owen's agent or as mortgagee, because the evidence conclusively shows that the plaintiff was never either actually or constructively in possession before that time; while, on the contrary, the plaintiff's evidence shows that he expressly agreed that the colt should be sold at Owen's farm as Owen's property. Hence, if any effect whatever be given to the pleadings, a verdict in favor of the plaintiff should not have been directed, he having wholly failed to establish the allegations of his complaint relating to delivery of possession.

If the trial court decided the plaintiff was entitled to possession by virtue of his chattel mortgage, it certainly was in error, assuming that the complaint would sustain such conclusion, and that default had been made in the terms of the mortgage, for the obvious reason that the plaintiff not only allowed the property to be sold without objection, but expressly consented to the sale.

Then, the only possible theory on which the decision could be sustained would be that the sale was made on the condition that the property should not be taken from the premises before it was paid for in cash or settled for by the giving of a bankable note. In other words, that the title did not pass because such condition was not complied with; for, if the title did pass to the defendant, neither Owen nor the plaintiff could maintain this action, though the real party in interest might maintain an action for the value of the property sold. "The title to personal property, sold or exchanged, passes to the buyer whenever the parties agree upon a present transfer, and the thing itself is identified, whether it is separated from other things or not." Rev. Civ. Code, § 950. Owen, the owner of the property, agreed upon "a present transfer." As to him the title certainly passed to the defendant. As has been stated, the plaintiff is not entitled to possession by virtue of his mortgage; he having authorized the sale. Then his right to possession, if it exists, must rest on the theory that he authorized the sale to be made only on condition that the property should be paid or settled for before it was removed from Owen's premises—an issue concerning which the evidence was conflicting. So, in any view of the evidence, regardless of its relevancy to the allegations of the complaint, the verdict should not have been directed in favor of the plaintiff.

Should the cause be again tried, more attention should be given to the elementary rule requiring that the proofs shall conform to the pleadings. The judgment and order appealed from are reversed.