WILLIAM SHORTRIDGE v. WILLIAM STURDIVANT and John Weinberger, Garnishee, and Farmers & Merchants State Bank of Kenmare, North Dakota, a Corporation, Intervener.

(155 N. W. 20.)

**Garnishee's liability — measure of — relation and responsibility to defendant — recovery — in what cases.**

1. A garnishee's liability is measured by his responsibility and relation to the defendant; and the plaintiff in a garnishment action cannot recover against the garnishee unless the defendant could recover against such garnishee in an action in defendant's own name and for his own use.

**Mortgaged chattels — sale of — consent by mortgagee — condition — sale by public auction — proceeds of sale — applied on mortgage debt — lien not waived — as to unpaid purchase price — garnishment — not subject to.**

2. Where a mortgagee consents to a sale of mortgaged chattels on the condition that such sale be held at public auction under the supervision of, and that the purchase price for such chattels be paid by the purchasers to, the mortgagee's agent, the mortgagee does not waive the lien of the mortgage so as to render the unpaid purchase price due from a purchaser at such sale, subject to garnishment in an action brought against the defendant by an unsecured creditor.

Opinion filed October 18, 1915.   Rehearing denied November 26, 1915.

---

Note.—In holding that the consent of a mortgagee to a sale of the mortgaged property may be conditional, and that when the purchaser is informed of such condition the consent does not become effective until the condition is performed, this case seems to be in harmony with the few other cases that have considered the question, as shown by a review thereof in a note in 43 L.R.A. (N.S.) 302.

This is an appeal from a judgment of the District Court of Ward County, *Leighton,* J. Garnishee and intervener appeal.

Reversed.

*P. M. Clark,* for appellants.

Plaintiff's right to recover against the garnishee is dependent upon the defendant's right to recover from the garnishee. The plaintiff can occupy no better position against the garnishee than that of the defendant in the action. If defendant could recover nothing from the garnishee, plaintiff can recover nothing. Bedford v. Kissick, 8 S. D. 586, 67 N. W. 609; 15 Current Law, 2086; What Cheer Sav. Bank v. Mowery, 149 Iowa, 114, 128 N. W. 7; Webber v. Bolte, 51 Mich. 115, 16 N. W. 257; Thomas v. Gibbons, 61 Iowa, 50, 15 N. W. 593; 20 Cyc. 1060; 1913 Cyc. Ann. 2302; Bacon v. Felthous, 103 Minn. 387, 15 N. W. 205; Steltzer v. Condon, 139 Iowa, 754, 118 N. W. 39; Wunderlich v. Merchants' Nat. Bank, 109 Minn. 468, 27 L.R.A.(N.S.) 811, 134 Am. St. Rep. 788, 124 N. W. 223, 18 Ann. Cas. 212.

There is nothing technical about an equitable assignment. No particular form is necessary. 4 Cyc. 48; Moore v. Lowrey, 25 Iowa, 336, 95 Am. Dec. 791; Martin v. Maner, 10 Rich. L. 271, 70 Am. Dec. 223; 2 R. C. L. p. 614.

Where mortgaged chattels are sold under an agreement between the mortgagor and mortgagee that the proceeds of the sale are to be applied on the mortgage debt, the lien of the mortgage is not waived, and such funds are not subject to garnishment at the hands of a general creditor of the mortgagor. Fuller v. Rhodes, 78 Mich. 36, 43 N. W. 1085; Field v. New York, 6 N. Y. 179, 57 Am. Dec. 435.

An assignment of the proceeds of expected future sale of goods is valid in equity, and equity will seize upon such proceeds, under such an assignment, as soon as they come into existence. East Lewisburg Lumber & Mfg. Co. v. Marsh, 91 Pa. 99; Ely v. Cook, 9 Abb. Pr. 377, 2 Hilt. 418; Bibend v. Liverpool & L. F. & L. Ins. Co. 30 Cal. 86; Bergson v. Builders' Ins. Co. 38 Cal. 541; Stover v. Eycleshimer, 46 Barb. 91.

*A. W. Gray* and *Karl H. Stoudt,* for respondent.

The agreement of the mortgagee with the mortgagor to allow the mortgagor to sell the mortgaged property constitutes a waiver and release of the mortgage lien. New England Mortg. Secur. Co. v. Great

Western Elevator Co. 6 N. D. 412, 71 N. W. 130; Sammons v. Kearney Power & Irrig. Co. 8 L.R.A.(N.S.) 406, cases cited thereunder; Maier v. Freeman, 112 Cal. 8, 53 Am. St. Rep. 151, 44 Pac. 357; Peterson v. St. Anthony & D. Elevator Co. 9 N. D. 55, 81 Am. St. Rep. 528, 81 N. W. 59.

Such an agreement is a substitution of the mortgagor's personal obligation for the mortgaged security. Harper v. Neff, 6 McLean, 390, Fed. Cas. No. 6,089.

The subject of sale must be property, the title to which can be immediately transferred from seller to buyer. Rev. Codes 1905, § 5395.

An assignment in law is a transfer or setting over of property or some right or interest therein from one person to another. 2 R. C. L. 539–29 and cases cited; Garretsie v. VanNess, 2 N. J. L. 20, 2 Am. Dec. 333.

A mere possibility or expectancy, not coupled with an interest, could not at common law be the subject of transfer. 2 R. C. L. § 4, p. 596; O'Neil v. William B. H. Kerr Co. (O'Neil v. Helmke) 124 Wis. 234, 70 L.R.A. 338, 102 N. W. 573; Leitch v. Northern P. R. Co. 5 Ann. Cas. 65, and note, 95 Minn. 35, 103 N. W. 704; Field v. New York, 6 N. Y. 179, 57 Am. Dec. 435.

Such an agreement and sale of mortgaged property render the proceeds wherever found, before they pass into the hands of the mortgagee, subject to levy and seizure under execution, at the hands of a general creditor of the mortgagor. Maier v. Freeman, 112 Cal. 8, 53 Am. St. Rep. 151, 44 Pac. 357; Brackett v. Harvey, 91 N. Y. 221; Murray, D. & Co. v. McNealy, 86 Ala. 234, 11 Am. St. Rep. 33, 5 So. 565; Lane v. Starr, 1 S. D. 107, 45 N. W. 212, and cases cited; White Mountain Bank v. West, 46 Me. 15; Smith v. Clark, 100 Iowa, 605, 69 N. W. 1011; Smith v. Crawford County State Bank, 99 Iowa, 282, 61 N. W. 378, 68 N. W. 690.

CHRISTIANSON, J.  This is an appeal from a judgment in plaintiff's favor in a garnishment action.  The undisputed facts are as follows: The defendant, Sturdivant, desired to hold a public auction for the purpose of selling certain personal property.  The greater portion of such property was covered by chattel mortgages in favor of the inter-

·vener, Farmers & Merchants State Bank of Kenmare, and S. H. Lowe & Company, and Norma State Bank. In order to arrange for such a sale a conference was held at the intervener bank, attended by the defendant and the authorized officers of the three mortgagees above mentioned. At such meeting it was agreed "between the said Sturdivant and said creditors that a public sale should take place in the near future, and that the proceeds of the property sold should be applied to the creditors having a first mortgage upon the particular property sold. That the sale should be supervised by A. G. Engdahl (the cashier of the intervener bank), and clerked by him, and that he should receive all moneys from said sale, and was to apportion the same among the several creditors, pursuant to the said agreement."

In accordance with such agreement, a public sale was held by the defendant, Sturdivant, at his residence in Ward county, on December 9, 1912. All the various purchasers, with the exception of the garnishee, Weinberger, made settlement with, and paid the purchase moneys to, Engdahl. The garnishee, Weinberger, purchased certain property at such sale, including some oats. The oats were contained in a bin, but the exact quantity was unknown. Weinberger agreed to pay 26 cents per bushel for the oats, and as the quantity was unknown he could not make settlement until this was ascertained. Several days prior to the sale, the defendant had informed Weinberger that the intervener bank held chattel mortgages on all of his property, and at the time of the sale the defendant again informed Weinberger that he must make settlement with Engdahl. The garnishee, Weinberger, therefore, at the time of his purchase at such auction saw Engdahl and arranged to come to the bank the next morning, and make settlement for the property purchased,—it being understood that in the meantime Weinberger should haul and weigh the oats. For some reason Weinberger failed to call and settle with Engdahl next morning, and, in the afternoon and prior to settlement with Engdahl, the plaintiff, who is an unsecured creditor of defendant, brought this garnishment action, and served papers therein upon Weinberger, as garnishee.

It is conceded that all the property purchased by Weinberger was covered by valid chattel mortgages in favor of the three mortgagees heretofore mentioned, and that the rights of all three of such mortgagees to the proceeds of the property purchased by Weinberger were

assigned to and held by the intervener. There is no contention that the indebtedness sought to be garnished constituted a surplus over and above the mortgage indebtedness; but it is conceded that after the application of the proceeds of the sale (including the sum due by Weinberger), there will still remain a portion of the mortgage indebtedness unpaid. The plaintiff stands squarely on the proposition that the mortgagees by consenting to the sale released their mortgages, and that the proceeds of the sale belonged to the defendant free and clear of any valid claim in favor of such mortgages. The trial court sustained the contentions of the plaintiff, and rendered judgment in favor of the plaintiff and against the garnishee and intervener. The garnishee and intervener have appealed from such judgment.

Section 7567, Compiled Laws, provides that "any creditor shall be entitled to proceed by garnishment . . . against any person . . . who shall be indebted to or have any property . . . in his possession or under his control belonging to such creditor's debtor."

The principal question to be determined in this action is whether Weinberger was indebted to the defendant. If Weinberger was indebted to Sturdivant for his own use, then such indebtedness was subject to garnishment; but if he was not so indebted, then there was nothing subject to garnishment, and the judgment against him would be erroneous. The mere fact that Weinberger purchased property formerly belonging to Sturdivant does not necessarily control. The question is, To whom did the purchase moneys belong? Did this indebtedness or unpaid price belong to Sturdivant, or did it belong to the intervener? Plaintiff's right to recover against the garnishee is predicated entirely upon defendant's right to recover in his own name and for his own use against the garnishee. Unless the defendant could so recover, neither can the plaintiff.

"A plaintiff by garnishment cannot place himself in a superior position as regards a recovery than is occupied by the principal defendant. The garnishee's liability is measured by his responsibility and relation to the defendant. He can be charged only in consistency with the subject of his contract with the defendant. And if, by any pre-existing bona fide contract his accountability has been removed or modified, it follows that the garnishee's liability is correspondingly effected, for the garnishment cannot change the nature of the contract between the

garnishee and the defendant, nor prevent the garnishee from performing his contract with third persons. . . . When a garnishee has contracted with the principal debtor that he will pay the money or deliver the property to some third person, then the plaintiff in garnishment cannot recover, because he is only placed by the garnishment in the position of the principal defendant, who could not himself recover from the person made the garnishee." Shinn, Attachm. & Garnishment, § 516.

"In order that a creditor may maintain garnishment proceedings, there must be a subsisting right of action at law by defendant in his own name, and for his own use, against the garnishee." 20 Cyc. 983. See also Melin v. Stuart, 119 Minn. 539, 138 N. W. 281; Bedford v. Kissick, 8 S. D. 586, 67 N. W. 609; Timm v. Stegman, 6 Wash. 13, 32 Pac. 1004; Waples, Attachm. & Garnishment, § 363; Atwood v. Tucker (Atwood v. Roan) 26 N. D. 622, 632, 51 L.R.A.(N.S.) 597, 604, 145 N. W. 587, 591.

It is true that a mortgagee who consents to a sale of mortgaged property thereby waives the lien, and will be estopped to assert the existence thereof as against the purchaser. But it is equally true that where the mortgagee does not consent to the sale or otherwise waive the lien, then the purchaser of mortgaged personal property takes the same subject to the lien of the mortgage. Hence, the authorities generally recognize the fact that the mortgagee may consent to a sale, either conditionally or unconditionally. And when a conditional consent is given, and the purchaser is informed of such conditions; and the conditions imposed relate directly to matters connected with the sale itself, and not merely to promises or acts to be performed by the mortgagor after the completion of the sale,—then the consent does not become availing or effective until the condition is performed. This principle is approved by the courts and text writers generally. See Cobbey, Chat. Mortg. § 875; Jones, Chat. Mortg. § 661; Dodson v. Dedman, 61 Mo. App. 209; Sanford v. Mumford, 31 Neb. 792, 48 N. W. 876; Watson v. Mead, 98 Mich. 330, 57 N. W. 181; Jones v. Webster, 48 Ala. 109; Mariner v. Patten, 28 S. D. 163, 132 N. W. 685; 7 Cyc. 48.

In the case of Whitney v. Heywood, 6 Cush. 82, the supreme court of Massachusetts held that, where the parties to a mortgage indorsed thereon an agreement that, if the mortgagor should sell any of the

property, the mortgagee should discharge all claim on the same upon the receipt of the money therefor, that this agreement was conditional, and gave no authority to the mortgagor to devest the mortgagee's interest in the property by a sale, except upon a performance of the condition of paying the purchase money to him. The purchaser in such case, if he knew of the agreement, knew all its qualifications and conditions precedent, and was properly bound by them. If he had no such knowledge, and the mortgage was duly recorded, he bought the property subject to the mortgage, and was bound to know that the mortgagor had no right to sell.

Plaintiff's counsel cites the decision of this court in the case of New England Mortg. Secur. Co. v. Great Western Elevator Co. 6 N. D. 407, 71 N. W. 130, as authority upon the proposition that a mortgagee by consenting to a sale thereby waives the lien. The principles enunciated in that case are doubtless good law, but they have no application to the facts in the case at bar. In that case the mortgagee authorized the mortgagor generally to sell and receive payment for the mortgaged property. The purchaser acted upon the authority thus given, and bought the property from the mortgagor and paid him therefor. The mortgagee appointed the mortgagor as its agent for the purpose of selling and receiving payment for the property, and this court very properly held that under such circumstances the mortgagee would not be permitted to assert the lien against the purchaser and thereby penalize him because the mortgagee's agent misapplied the proceeds of the sale. The facts in the case at bar are radically different. Sturdivant was given no general authority to sell; and he was given absolutely no authority to receive payment. Sturdivant had no right to sell the mortgaged personal property unless he obtained the consent of the mortgagees. The mortgagees consented to a sale only under certain conditions. Under the conditions imposed, it was not contemplated that Sturdivant should have any control over the sale, or receive one cent of the proceeds of the sale of the mortgaged chattels. The sale was to be held by an auctioneer under the supervision of Engdahl, the managing officer of the intervener bank. The purchasers were required to make, and actually did make, settlement with Engdahl. There is nothing to indicate that the mortgagees would have consented to a sale under any other conditions; or that they intended to waive the liens of their

mortgages. The very conditions imposed indicated that they did not intend to waive such liens, as the sale was authorized only upon the conditions that the mortgagees receive the proceeds of the sale of the mortgaged property. And in order to safeguard the interests of the mortgagees, it was further provided that the managing officer of the intervener should supervise the sale and receive payments for the property sold. The mere agreement to permit a sale under these conditions did not indicate any intent to waive the lien of the mortgagees; and the question of waiver is largely a question of intent. Wonser v. Walden Farmers' Elevator Co. 31 N. D. 382, 153 N. W. 1012. While it is true that the mortgagees agreed to release their mortgages and permit the property to be sold under the conditions specified by them, still the mortgages remained of record, apparently valid liens, and the garnishee purchased with knowledge of such liens, and agreed at the time of purchase to pay the purchase moneys to Engdahl, the representative of the mortgagees.

In the case at bar, however, we are not concerned with the question of whether the mortgagees could assert the liens of their mortgages as against the purchaser, in case the conditions imposed were not performed. That is not the condition here. The question here presented is whether the defendant (the mortgagor) could so assert. Because the plaintiff in this case, with respect to the intervener and the garnishee, stands in the position of the defendant, and has no better right to the proceeds of the sale than the defendant would have thereto. It seems quite clear that the defendant could not be heard to say that the release which the mortgagees agreed to give (upon the conditions imposed by them) became operative, unless he first shows a compliance with the conditions thus imposed. We reach the conclusion that the proceeds of the sale were neither owned nor claimed by the defendant, but belonged to the mortgagee holding a first lien on the particular personal property sold. Both Weinberger and Sturdivant recognized this fact at the time of the auction sale, at which time Weinberger at the request of Sturdivant agreed to make settlement with Engdahl, and pay him for the property purchased at the auction. The unpaid purchase moneys in the hands of the garnishee, Weinberger, therefore, belonged not to the defendant, but to the intervener, and hence could not be applied in payment of a debt which defendant owed the plaintiff. It necessarily

32 N. D.—11.

follows that the judgment appealed from is erroneous. It is therefore ordered that the District Court reverse its judgment and dismiss the garnishment action.