DAKOTA NATIONAL BANK, a Corporation, Plaintiff, v. J. F. BRODIE, Defendant, E. J. HUGHES, Garnishee and Appellant.

(176 N. W. 738.)

**Garnishment — acts of parties held to estop garnishee from questioning adverse judgment on ground that action sounded in tort and not in contract.**

In an action, upon issue taken, against a garnishee, to determine the liability for property or money of the defendant, in his hands, it is *held:*—

1. That, where an action, even though sounding in tort, contains allegations sufficient to constitute a cause of action upon a promissory note, and the parties and the court in the main action have so construed such cause of action, and where the plaintiff, in the affidavit for garnishment has stated that the action is founded upon contract, and the garnishee has filed an affidavit denying liability upon which issue is taken, the garnishee is not in a position to question the validity of the garnishee judgment or proceedings upon the ground that the action sounds in tort and not in contract.

**Garnishment — requirement of payment of garnishee fees at service of garnishee summons waived by later acceptance thereof on same day.**

2. That the statutory requirement for the payment of garnishee fees, at the time of the service of the garnishee summons, was waived by the later payment and acceptance thereof, upon the same day, although the garnishee afterwards returned the same.

**Evidence — government bonds are presumed to be worth par value.**

3. That bonds of the United States government are presumed to be worth par value unless the contrary be shown.

**Garnishment — defendant's agent may be held as garnishee.**

4. That an agent of the defendant may be held as garnishee for property or moneys of the defendant in his possession.

Opinion filed January 10, 1920. Rehearing denied March 1, 1920.

From a judgment of the District Court, Stark County, *Crawford,* J., in favor of the plaintiff and against the garnishee, the latter has appealed.

Affirmed.

*T. F. Murtha,* for garnishee.

Actual service upon the garnishee is required, and failure to comply with the statute in respect to service is not waived by the voluntary appearance of the garnishee so as to confer jurisdiction upon the court. 20 Cyc. 1050 (f); Altona v. Babney, 62 Pac. 521; Phœnix Bridge Co. v. Street, 60 Pac. 221; 2 Sutherland, Pl. § 2751, p. 1753.

*J. W. Sturgeon,* for respondent.

The declaration in an action for deceit must clearly and distinctly allege all the essential elements of actionable fraud. 20 Cyc. 96, 97, 102.

Money in the hands of an agent to pay debts of the principal to one creditor is liable to garnishment at suit of another creditor. McDonald v. Gillett, 69 Me. 271; Center v. McQuesten, 18 Kan. 476; Jepson v. International Frat. Alliance, 17 R. I. 471, 23 Atl. 15; Smith v. Wiley, 41 Vt. 19; Edson v. Trask, 22 Vt. 18.

BRONSON, J. This is an appeal from judgment of the district court in favor of the plaintiff and against the garnishee, the appellant herein. On December 31, 1918, the plaintiff instituted an action to recover the amount of a promissory note made by the defendant, upon grounds of false representations, as alleged, that the defendant was the owner of certain lands, in McKenzie county. Garnishee process was then served upon the appellant herein, as a garnishee. His garnishee fees were not then paid, but, later in the day, were tendered to and received by him, but, afterwards in the evening of the same day, he returned such money to the officer.

About two or three days prior to the service of the garnishee summons, $2,000 in United States Liberty bonds were given to the garnishee by the defendant for the purpose of settling the indebtedness of the defendant to the plaintiff, and for deducting therefrom the sum of $325, a claimed indebtedness existing between the garnishee and the defendant. On December 30, 1918, the garnishee went to the plaintiff bank, and there negotiations were had concerning the settlement to be made. The garnishee offered to deliver the bonds to the bank if the bank would pay to him $600 in a draft to cover his claim of $325 and another purported claim of $325. These negotiations did not proceed to a settlement. The garnishee testified that the same

evening, about 7:30 P. M., he deposited these bonds in the mail in an envelop addressed to the defendant at St. Paul. The next morning the garnishee summons was served. Later, in February, 1919, the garnishee filed an affidavit denying any liability to the defendant concerning any money or property. The plaintiff thereupon took issue with the garnishee. In March, 1919, pursuant to stipulation in open court, judgment was entered in favor of the plaintiff and against the defendant for the amount of the note, amounting, with interest and costs, to $1,763.41. Later, in May, 1919, the issue between the plaintiff and the garnishee came on for trial, and, pursuant thereto, the court made its findings that at the time of the service of the garnishee summons the garnishee had in his possession the Liberty bonds in question of the par value of $2,000, the property of said defendant, subject to indebtedness to such garnishee in the sum of $325, leaving a net indebtedness of the garnishee to the defendant of $1,675. Accordingly, judgment was entered, upon such findings, on July 3, 1919, directing the garnishee to deliver such Liberty bonds to the sheriff, and requiring the sheriff to account for $325 to the garnishee after the sale of such bonds, and further, that, if the garnishee failed to deliver the same, the plaintiff should have judgment against such garnishee for $1,675, together with certain costs. From this judgment this appeal has been taken.

The appellant principally specified error upon the grounds:

1. That the complaint sounds in tort, and not in contract, and therefore the claim was not subject to garnishment.

2. That the evidence discloses that the garnishee was not indebted to the defendant at the time of the service of the garnishee summons, for the reason that previously the bonds had been mailed back to the defendant.

3. That the garnishee, at the time of the service of the garnishee summons, was not paid garnishee fees as required by law.

4. That there is no evidence adduced of the value of the Liberty bonds.

5. That in any event the garnishee was a mere agent of the defendant, acting pursuant to instructions, and not liable as a garnishee.

Although, as contended by the appellant, the complaint may be construed as an action in tort, nevertheless the complaint sets forth facts

sufficient to constitute a cause of action in contract upon a promissory note. The parties to the main action have permitted it so to be construed, and the judgment, in fact, was so entered, pursuant to stipulation of the defendant's attorney. · Furthermore, the affidavit for a garnishment in this action, made by the plaintiff's attorney, states that the cause of action is founded upon contract. In February, 1919, the garnishee made his affidavit, denying liability. On January 6, 1919, the plaintiff took issue with such affidavit. Later, in March, 1919, the garnishee made a motion upon the order to show cause for dismissal of the garnishment, upon the ground that the action was not upon contract. This motion was denied by the trial court.

We are satisfied, therefore, upon this record, that the plaintiff and the defendant had the undoubted right to treat this action as an action on contract, and that the garnishee, after disclosure, was not in a position to question the nature of the main action, as treated and construed both by the parties and the court. See notes in 13 Am. Dec. 341, and 100 Am. Dec. 511; 20 Cyc. 1076; Rood, Garnishment, § 182; Ihorn v. Wallace, 88 Ill. App. 562–564; May v. Gesellschaft, 211 Ill. 310, 71 N. E. 1001.

Upon the issue that the property was not in the possession of the garnishee at the time of the service of the garnishee summons, the trial court has found adversely to the contention of the appellant. Without reviewing, in detail, the evidence and circumstances necessary to justify such findings, we are of the opinion that there is presented, upon this record, a question of fact, whether the bonds were in the possession of the garnishee at the time of the service of the garnishee summons, and, upon usual presumptions, that the findings of the trial court, in that regard, should not be disturbed. Upon this record the contention of the garnishee concerning the payment of garnishee fees is without merit. The evidence is fully sufficient to establish a waiver in that regard. Concerning the question of value, the presumption obtains that the bonds of our Federal government are worth par value until the contrary is shown. Comp. Laws 1913, § 7180; Patterson v. Plummer, 10 N. D. 95, 86 N. W. 111; Anderson v. First Nat. Bank, 6 N. D. 497, 72 N. W. 916. There is some contention made upon this appeal, that the garnishee was a mere agent of the defendant for a certain purpose, and as such could not be subject to garnishment. Under ·

our statutes an agent may be liable for property in his possession belonging to his principal through garnishment proceedings. Comp. Laws 1913, § 7567; 20 Cyc. 118. See also Shortridge v. Sturdivant, 32 N. D. 154, 155 N. W. 20; Petrie v. Wyman, 35 N. D. 126, 143, 159 N. W. 616.

The judgment is in all things affirmed, with costs to the respondent.

CHRISTIANSON, Ch. J., and ROBINSON and BIRDZELL, JJ., concur.

GRACE, J. (dissenting). The evidence is conclusive that at the time the garnishee summons was served upon the garnishee he had no property in his possession belonging to the defendant.

On December 30, 1918, the garnishee had, by United States mail, remitted to the defendant the bonds in question. There is no evidence to dispute this fact. He was not garnisheed until the following day.

As we understand the matter, there was no order of the court restraining the garnishee from remitting the bonds as he did, and he had a perfect right to remit the bonds. Hence, at the time of the service of the garnishee summons, he had no property in his possession, or under his control, belonging to the defendant.