[File No. 5990.]

E. C. RUBLE, Appellant, v. O. M. NYSETH, H. A. KNUDSON, and WILLIE OLSON, Respondent.

(239 N. W. 625.)

Opinion filed December 15, 1931. Rehearing denied December 31, 1931.

624

*Hyland & Foster,* for appellant.
*William Langer,* for respondent.

BURR, J. The plaintiff brought action against the defendant to recover on certain promissory notes and garnished money in the hands of one H. A. Knudson. It is undisputed this money is part of the proceeds of an auction sale of defendant's property. The intervenor claims he had a mortgage upon the property sold, which claim is resisted by the plaintiff. The controversy in this appeal is between the plaintiff and intervenor over this money in the hands of the garnishee.

The case was tried to the court without a jury, and the only questions involved in the lawsuit are two questions of fact.

The first question deals with the validity of the mortgage. The record shows a mortgage on file given by the defendant to the intervenor. The intervenor claims the defendant owed him a sum of money far in excess of the amount secured by the mortgage; that a settlement was made wherein the amount stated in the mortgage was accepted as the amount due; that a note for this amount and mortgage securing it was given; and that the same remains unpaid.

The plaintiff has no direct evidence to dispute the statements of the intervenor and relies almost exclusively upon the unreasonableness of his story. The intervenor testified to a series of transactions extending over a great number of years. His story shows carelessness and laxity in business transactions, and plaintiff and one of his witnesses testify that at one time when the intervenor was in plaintiff's office, he stated the defendant did not owe him anything; that this was at a time when he owed an account sought to be collected by the witness, that this witness asked why he had loaned $1,000 to the defendant when he could not pay his own bills, and that the intenvenor said the defendant did not owe him anything. This statement is contradicted by the defendant. Other than this contradictory statement the fact that the transactions related covered a number of years with no book or other written evidence is all there is to attack the validity of the mortgage.

While ordinarily it is not usual to loan large amounts of money without taking notes or other evidence of debt, or without making some entries in books of account, yet there is no inherent improbability in the story of the intervenor. The defendant testified that he borrowed these sums of money and owed the intervenor over $1,000. In this he is corroborated by his wife. The intervenor testifies to the same state of facts. As the trial court said:

"There isn't very much to the case as to this note and mortgage. The only thing is the statement claimed to have been made down in Mr. Ruble's office by Mr. Olson. Of course, that statement, Mr. Olson flatly denies was made. In these matters of contradiction it is very easy for either one or both parties not to have obtained a verbatim, accurate remembrance of what was said."

From this it is clear, the court considered this feature of the case, and held the evidence showed there was a debt and that the mortgage was valid. We concur in this finding.

The second proposition is that some of the money in the hands of the garnishee is the proceeds of the sale of some property of the defendant not included in the mortgage. This proposition was not raised in the lower court, so far as the transcript shows, and it appears to be largely an afterthought.

The garnishee conducted the auction sale, and the property sold was described in the sale bills. He testified he was familiar with the property sold and the property mortgaged; that the property described in these bills and sold at the sale was the property described in the mortgage; that the only property sold "that is not included in the mortgage is this small junk items described in here; they just amount to a few dollars." He then showed that the proceeds from the mortgaged property sold equaled or exceeded the amount in the hands of the garnishee and that the amount he deposited with the Clerk on the garnishment proceedings "was obtained from the sale of property covered by this mortgage." There is no serious dispute on this point. Some articles, described in the sale bill as being "too numerous to mention," were sold and all in all over $1,400 was realized at the sale. The amount deposited on the garnishment proceedings is $757.29. The remainder of the proceeds was paid over to various parties upon

order.' The amount received from the mortgaged property that was sold exceeded the amount deposited with the garnishee and is less than the amount of intervenor's claim.

The case is tried on the theory that the auction sale was had for the purpose of satisfying the mortgages against the property. The witness Knudson testified as to the auction sale and that he clerked the same; that he was the agent for certain mortgagees who had claims prior to the intervenor's and that his instructions were to take the amount of the notes held by him from the proceeds of the sale and pay the remainder to Willie Olson on his subsequent mortgage.

It is not definitely stated who gave him these instructions; but it is quite evident from the case that this was the agreement between the mortgagor and the various mortgagees, and evidently the intervenor consented to the sale on the theory that he was to be paid the proceeds of the purchase price of the chattels. In doing this the mortgagee would not waive his lien. "A garnishee's liability is measured by his responsibility and relation to the defendant; and the plaintiff in a garnishment action cannot recover against the garnishee unless the defendant could recover against such garnishee in an action in defendant's own name and for his own use." Shortridge v. Sturdivant, 32 N. D. 154, 155 N. W. 20; Petrie v. Wyman, 35 N. D. 126, 159 N. W. 616; International Harvester Co. v. Hanson, 36 N. D. 78, 161 N. W. 608. The case was tried on the theory that if the mortgage was valid the mortgagee had a lien upon the proceeds from the property mortgaged.

The trial court found that plaintiff was entitled to judgment against the defendant for the amount claimed in his complaint; but had no lien on the property garnished as against the claim of the intervenor. These findings are sustained by the evidence and therefore the judgment is affirmed.

CHRISTIANSON, Ch. J., and NUESSLE, BIRDZELL and BURKE, JJ., concur.